STATE OF NEBRASKA, APPELLEE, v. DAVID L. SHONKWILER, APPELLANT.
194 N. W. 2d 172

Filed January 28, 1972. No. 38097.

Mitchell & Beatty and Jerome J. Ortman, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

The defendant, David L. Shonkwiler, pleaded guilty to burglary in the district court for Dawson County, Nebraska, and was sentenced to not less than 1 nor more than 2 years in the Nebraska Penal and Correctional Complex. The defendant has appealed on the ground that the sentence imposed was an abuse of discretion, was arbitrary and unreasonable, and was excessive under the circumstances.

A codefendant, Melvin Lee Anderson, was an equal participant along with the defendant in the commission of the burglary involved here. Both of these young men were 19 years of age. Both were first offenders. Both pleaded guilty. Both were convicted at the same time and both were sentenced at the same time. Both made full financial restitution. Melvin Lee Anderson was placed on probation for a period of 2 years. David L. Shonkwiler received a 1 to 2 year penitentiary sentence. Upon motion in this court, the presentence investigation report was made a part of the record.

The burglary occurred on the 30th day of April 1970, some 2 weeks after the defendant became 19 years old. He was sentenced on February 19, 1971. At the time of sentencing, the defendant had completed three semesters at Kearney State College. He held various jobs and for all practical purposes was putting himself

through college. He lived in Kearney with one of two older brothers, both of whom were also attending Kearney State College. His father was a minister and member of the Berean Fundamentalist Church, and is now a teacher at the Montana Institute of the Bible in Billings, Montana. His mother is a school teacher in Billings. The defendant has one sister who, with her husband, is a missionary in Mexico City. In addition to his two older brothers, he has one younger brother living with his parents in Montana.

Complete restitution of $129.67 had been made for the burglary. All but $18.35 of this amount was for a broken window and damage to the back door of the tavern involved. The conviction here was the defendant's first felony conviction. His only prior conviction of any kind was a $15 fine for littering in the City of Kearney on March 20, 1970. His record in high school and in college was good and he had had no problems with school authorities.

At the time the guilty pleas were taken and the matter referred to the probation office for presentence investigation, the court advised both young men that they should be completely honest with the probation officer. The defendant Shonkwiler was. In addition to matters which will be referred to later, Shonkwiler advised the probation officer that the same two young men had broken windows in two establishments and obtained some merchandise from a third, all on the evening of March 13, 1970. Restitution was also made for all of these incidents, although no charges were ever filed. The codefendant Anderson advised the court at time of sentencing that he did not advise the probation officer of the March 13th incidents because he didn't think they would find out that he was in on it and conceded that he was less than truthful. The same probation officer made the presentence investigation and report on each of the two young men and recommended both of them for probation.

Without going into the details of the presentence investigation report as to Melvin Lee Anderson, it showed that he was also a first felony offender but that he had several minor misdemeanor convictions while defendant Shonkwiler had only the one. Anderson had even been convicted on a misdemeanor count in Broken Bow, Nebraska, and fined $100 in August of 1970, while he was free on bond on the charge involved here. It should also be sufficient to state that in all other factors relevant to probation, the record of David L. Shonkwiler as revealed in the presentence investigation reports, was at least as good, if not better, than that of his codefendant.

The record discloses that the basis for the difference in sentencing of the two young men stemmed from the defendant's comments as to the Viet Nam war and his obligation for military service in that war. Shonkwiler expressed to the probation officer and to the court his conviction that the Viet Nam war was immoral and stated that he would refuse to bear arms in Viet Nam. The trial court interpreted his comments as a statement that he would not obey the laws of the United States; referred to him as an outlaw; and refused to entertain any additional testimony as to the nature and extent of his conscientious objections. The trial court proceeded on the assumption that any valid, legal conscientious objections must rest on religion.

The defendant Shonkwiler had a draft status of II-S, a student deferment, and his draft number was 182. With that number, it is uncertain whether he would be drafted under current conditions. Shonkwiler attempted to explain that he would not bear arms in any war, but would serve in any other way if he could; that he did not mean to disobey the United States laws; and that his beliefs, he thought, were within the definition of "conscientious objector" laid down by the Supreme Court. This court takes judicial notice of the fact that there are multiple avenues of establishing conscientious objection, and multiple avenues of service legally avail-

able as an alternative to the military duty of bearing arms.

"A sentence not involving confinement is to be preferred to a sentence involving partial or total confinement in the absence of affirmative reasons to the contrary." ABA Standards Relating to Sentencing Alternatives and Procedures, Standard 2.3(c). The affirmative reasons justifying total confinement set out in the Standards are inapplicable here. The Advisory Committee for the ABA Standards, as well as the Model Penal Code, section 7.01, take the position that the starting point for every sentence should be probation or some other sentence not involving commitment or confinement. Particularly is this true in the case of first offenders and even more so when those first offenders are youthful. See commentary to Standard 2.3(e), pp. 72, 73, ABA Standards Relating to Sentencing Alternatives and Procedures. The district court clearly recognized these principles when it placed Melvin Lee Anderson on probation. The court, however, withheld similar treatment from the defendant Shonkwiler.

At least as early as 1905, this court expressed its view that where two or more defendants are convicted for the same offense and different penalties are inflicted, and it appears from the evidence that the defendant receiving the least punishment is at least equally guilty, it may be necessary for this court to examine the evidence to determine whether there were justifiable reasons for the distinctions and whether the higher sentence should be reduced. See Keeler v. State, 73 Neb. 441, 103 N. W. 64. The law still continues to strive for evenhanded justice. A statement by a defendant before sentencing that the Viet Nam war is immoral and that if drafted he would not bear arms in that war does not constitute a justifiable reason for refusing probation to an otherwise qualified defendant.

The order of probation entered with respect to the codefendant Anderson contains as one of its provisions

the condition that the defendant "shall not violate the ordinances of any municipality, the laws of any state or the laws of the United States." This is virtually a standard requirement of any probation order. Even if the statement here amounted to a declaration that the defendant would violate the law if ordered to bear arms in Viet Nam, he may never be faced with the prospect. If he were on probation and did violate the law in the future, it would constitute an immediate violation of the conditions of his probation as well as constituting a separate violation of the laws of the United States. While the defendant's attitude toward bearing arms in war may be abhorrent to some citizens, the law must and does extend its protection to conscientious objectors. The defendant and every other citizen is also guaranteed the constitutional right of free speech. The defendant's attitude toward the Viet Nam war has been publicly expressed by many thoroughly loyal American citizens and in no way reflects criminal tendencies. Neither does it furnish a justifiable basis for refusing probation under the circumstances present here.

The sentence of the district court is vacated and the cause is remanded to the district court with directions to place David L. Shonkwiler on probation under the same terms and conditions contained in the probation order of February 19, 1971, covering the probation of Melvin Lee Anderson.

REVERSED AND REMANDED WITH DIRECTIONS.

WHITE, C. J., took no part in the consideration or decision in this case.

SPENCER and NEWTON, JJ., concur in the result only.