STATE OF NEBRASKA, APPELLEE, V. RANDEL BURKHARDT, APPELLANT.

231 N. W. 2d 354

Filed July 3, 1975. No. 39921.

John R. Brownell, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BRODKEY, J.

Defendant, Randel Burkhardt, appeals to this court requesting a modification of a sentence of 2 to 6 years in the Nebraska Penal and Correctional Complex, imposed upon him by one of the District Judges for Hall County, Nebraska, following defendant's plea of guilty to a charge of grand larceny. We modify the judgment and affirm.

Defendant Burkhardt, together with an accomplice, one Michael Jaenicke, stole some tires and "mag" wheels from one Rita Prince in Grand Island, Nebraska. Both were subsequently arrested and were each identically charged with one count of burglary and one count of grand larceny. They were bound over and arraigned, and pled guilty to the crime of grand larceny, each before different judges of the District Court for Hall County, Nebraska, following identical plea bargains with the State, whereby the respective judges, on motions made by the State, dismissed the respective charges of burglary as to each defendant in return for a plea of guilty on the charge of grand larceny. Defendant Burkhardt, as previously stated, received a sentence of from 2 to 6 years in the Penal Complex, whereas Jaenicke received 2 years probation from a different District Judge for Hall County. Counsel for defendant Burkhardt filed a motion for a discretionary stay of execution in order to investigate the disparity between the sentences, but the motion for stay was denied, and at that time the court noted and incorporated certain post-sentencing behavior on the part of defendant Burkhardt in the presentence report. In this appeal, de-

fendant Burkhardt alleges an abuse of discretion on the part of the trial court because of the disparity in sentencing, alleges that the sentence imposed was excessive under the circumstances, and alleges that the court abused its discretion in denying defendant the stay of execution requested.

At the time of the offense in question, defendant Burkhardt was 19 years of age and defendant Jaenicke was 18 years of age. Neither was married. Their past records appear to be very similar in nature and extent, although it is, of course, impossible to "color match" the records specifically. Neither had been convicted of any prior felonies. Both appear to have had juvenile records, including juvenile probation, and also traffic violations and misdemeanor offenses. One possible difference in the records of the two defendants is that it appears from the presentence report of defendant Burkhardt, forwarded to this court as a part of this appeal, that defendant has a past history of drug use. Other than this, it does not appear that either defendant could be said to be a more likely candidate for probation than the other, although, of course, we have no way of knowing what reason or motivating force was responsible for the other District Judge placing defendant Jaenicke upon probation; nor have we any way of knowing, with certainty, which of the two sentences more nearly represented the just decision.

Defendant Burkhardt contends that the case of State v. Shonkwiler, 187 Neb. 747, 194 N. W. 2d 172 (1972), is strikingly similar to this case, and should govern this appeal. In that case the defendant Shonkwiler and a codefendant, Anderson, were equal participants in the commission of a burglary. Both were 19 years of age and both were first offenders, both pleaded guilty, both were convicted at the same time, both were sentenced at the same time, and both made full financial restitution. Anderson was placed on probation for a period of 2 years, whereas Shonkwiler received a 1 to 2 year pen-

itentiary sentence. This court vacated the sentence of the District Court and remanded the cause to the District Court with directions to place Shonkwiler on probation under the same terms and conditions contained in the probation of Anderson. However, there is an important factual distinction between the two cases. In the Shonkwiler case the same judge handled both cases, knew all the facts, and imposed both sentences. In this case, different judges of the same judicial district handled the two separate cases, and had the authority to exercise their own judicial discretion. It is possible that part of the problem involved might have been a lack of communication between the judges. It has generally been recognized that all participants in one crime or series of related crimes should be sentenced by the same judge, if possible, on their convictions. In United States v. Bishop, 76 F. Supp. 866 (Ore., 1948), the court stated: "It is a cardinal principle of criminal justice that all participants of one crime or series of related criminal actions should be sentenced if possible by the same judge. Sentencing is not an exact science and therefore the balancing of all in one transaction should at least be on the same scale." It is not our intention to make this rule mandatory under all circumstances, but we commend it for consideration, to the extent applicable, should similar situations arise in the future. As stated in State v. Shonkwiler, *supra*: "The law still continues to strive for evenhanded justice."

The penalty provided by statute for the offense of grand larceny is imprisonment in the Nebraska Penal and Correctional Complex not more than 7 years nor less than 1 year. § 28-506, R. S. Supp., 1974. It is true that the sentence imposed upon defendant Burkhardt of from 2 to 6 years falls within those statutory limits. However, it is also provided in section 29-2308, R. R. S. 1943, in part that: "* * * the court may reduce the sentence rendered by the district court against the accused, when in its opinion the sentence is excessive, and it

shall be the duty of the Supreme Court to render such sentence against the accused as in its opinion may be warranted by the evidence."

Considering the age of the defendant and the fact that he had no prior felony record, we feel that the sentence from 2 to 6 years imposed by the District Judge, under the facts of this case, appears to be excessive, and should be reduced. While the defendant contends that he should be placed on probation, as was his codefendant Jaenicke, we are not disposed to do so in this case. The record reveals that at the hearing before the court on defendant's motion to suspend the sentence, already imposed, the court was informed that the defendant had refused to go into his cell the previous day and that he had assaulted the officer who went into the cell block for the purpose of conducting the defendant into his cell. The incident was testified to in detail, under oath, by the jailor. His testimony included the following: "At this time Officer Ewoldt again asked him in a nice manner to get into his cell block and he said, no, he's already been sentenced, it doesn't matter if I hit you or not, * * *." The court thereupon made a notation of the incident on the presentence report.

It does not appear to this court that the defendant Burkhardt has earned the right to serious consideration for probation, or has the proper attitude to be benefited by probation, in view of his conduct. We conclude that a proper sentence for the defendant in this case is an indeterminate sentence of from 1 to 3 years in the Nebraska Penal and Correctional Complex, and we modify the previous sentence imposed by the District Court accordingly.

AFFIRMED AS MODIFIED.