STATE OF NEBRASKA, APPELLEE, v. TED A. KELLER, APPELLANT.

237 N. W. 2d 410

Filed January 15, 1976. No. 40067.

Thomas A. Wagoner, for appellant.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

This is a criminal action for burglary. Defendant pled guilty and was sentenced to the Nebraska Penal and Correctional Complex for a period of 2 to 6 years. He assigns as error the excessiveness of the sentence and that the court erred in considering a presentence investigation report without giving defense counsel an opportunity to review it. We affirm.

Defendant, a 25-year-old male with no prior felony record, argues that a sentence of 2 to 6 years for burglary is excessive. The penalty for burglary is set out in section 28-532, R. R. S. 1943. It is imprisonment in the Nebraska Penal and Correctional Complex not more than 10 years nor less than 1 year, or by a fine not exceeding $500, or imprisonment in the jail of the county not exceeding 6 months. Our rule is well established, a sentence imposed within the statutory limits will not be disturbed by this court on appeal in the absence of an abuse of discretion. State v. Wade (1975), 193 Neb. 365, 227 N. W. 2d 400.

Defendant's own statement is that 2 or 3 weeks before the burglary two men took marijuana from his home at gunpoint. Keller, who had some previous law enforcement training, conducted his own investigation of the robbery and determined who he felt was responsible. He went to the home of one of the two he felt were responsible, to attempt to regain possession of his mari-

juana. When he found no one at home, he broke in and removed a stereo and other items, as purported compensation for his loss. On the record, we cannot say the trial court abused his discretion in the sentence rendered.

Defendant's second assignment is a contention that the trial court should have furnished him or his counsel with a copy of the presentence report. Defendant does not claim that he or his attorney were denied an opportunity to examine the presentence report. He concedes that no request to do so was made. Rather, he claims the trial judge erred by not furnishing his attorney with a copy of the report when he used it in passing sentence. The obvious answer is that no request was made for an inspection of the report. Section 29-2261, R. S. Supp., 1974, provides in part: "(5) Any presentence report or psychiatric examination shall be privileged and shall not be disclosed directly or indirectly to anyone other than a judge, probation officers to whom an offender's file is duly transferred, or others entitled by law to receive such information. The court may permit inspection of the report or examination of parts thereof by the offender or his attorney, or other person having a proper interest therein, whenever the court finds it is in the best interest of a particular offender. The court may allow fair opportunity for an offender to provide additional information for the court's consideration." The statute makes the inspection of a presentence report by the defendant's attorney discretionary with the trial court. However, this is a discretion which may be reviewed in this court.

The judgment is affirmed.

AFFIRMED.

BOSLAUGH and McCOWN, JJ., concur in the result.