STATE OF NEBRASKA, APPELLEE, v. CHRISTOPHER L. WESTERLUND, APPELLANT.

250 N. W. 2d 627

Filed February 16, 1977. No. 40767.

Douglas McArthur, for appellant.

Paul L. Douglas, Attorney General, and Jerold V. Fennell, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

The sole issue in this case is whether the defendant's sentence is excessive.

The charge against the defendant arose out of a break-in at the Reddish Brothers Elevator at Rokeby, Nebraska, on September 26, 1975. Involved in this incident, other than the defendant, who was then 18 years old, was another 18-year-old, and two brothers aged 14 and 15, who were processed through the Separate Juvenile Court.

The defendant was charged with two counts of burglary. On February 12, 1976, the defendant entered a plea of guilty to one count of burglary. Pursuant to a plea bargain, the second count was dismissed. On March 17, 1976, the District Court sentenced the defendant to a term of 3 to 5 years' imprisonment in the Nebraska Penal and Correctional Complex. We affirm the judgment and sentence of the District Court.

The defendant contends that his sentence is excessive because one of his coactors, the other 18-year-old, received a sentence of 2 years' probation from a different judge. While this court has recognized that all partici-

pants in one crime, or series of related crimes, should be sentenced, if possible, by the same judge, we have declined to make this a rule which is mandatory under all circumstances. State v. Burkhardt, 194 Neb. 265, 231 N. W. 2d 354 (1975).

A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion. State v. Gillham, 196 Neb. 563, 244 N. W. 2d 177 (1976). Our review of the record reveals no abuse of discretion by the District Judge in sentencing the defendant as he did, even though a different District Judge had given the defendant's coactor a sentence of 2 years' probation.

The presentence report shows that the defendant admitted to having committed approximately 40 burglaries and 20 larcenies. The amount of merchandise taken in these thefts was estimated by police at $25,000. The defendant, along with others, engaged in theft on a regular and systematic basis. Both residences and business establishments were robbed. The sole motivation for this thievery was to obtain money and property for the personal benefit of the group's members. The defendant was not a mere passive follower in this group, but described himself as the leader, or "president" of the group. The presentence report also shows that the defendant has a previous record of shoplifting, fighting, and possession of marijuana. The presensentence report shows that the defendant possesses a negative attitude and shuns all efforts aimed at his improvement.

The presentence report for the other 18-year-old involved in this crime indicates that he had never been in trouble prior to meeting the defendant. He had no prior record. He was not a leader in the defendant's group, but only occasionally involved. Because of strong support from his parents, family, and friends, his chances for rehabilitation without confinement appear to be excellent.

The judgment and sentence of the District Court are correct and are affirmed.

AFFIRMED.