STATE OF NEBRASKA, APPELLEE, v. DEBRA C. KOFOED, APPELLANT.

251 N. W. 2d 170

Filed March 2, 1977. No. 40837.

Frank B. Morrison and Stanley A. Krieger, for appellant.

Paul L. Douglas, Attorney General, and John R. Thompson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

Defendant plead no-contest to one count of robbery and one count of larceny from the person. Pursuant to a plea bargain, a second count of robbery was dismissed. She was sentenced to the Nebraska Center for Women at York, Nebraska, for a term of 3 years on the robbery charge and for 1 year on the larceny from the person charge. The terms are to run concurrently. Defendant appeals solely on the ground that her sentence was excessive.

According to the defendant, she was sitting in a restaurant in Omaha on August 30, 1975, wondering how she was going to get enough money to pay her bills. One of her friends mentioned that one way is to grab purses, loot them, and then place them in a mail box. Later while driving around Omaha, the defendant and two friends, Michael Miller, age 17, and Linda Smart, age 15, saw a lady at a bus stop and "decided to get her purse." Two more incidents took place a month later in a similar manner. The defendant drove the car at all times while the other two performed the actions involved with the victims. Following an anonymous phone call, the defendant was arrested. Two months later it was discovered that the defendant was the source of the call.

The presentence investigation reveals that the de-

fendant was 22 years old at the time of the crimes. She is a high school graduate and is gainfully employed as a key punch operator. She is not married and still lives at home with her parents. There is evidence that the defendant does have a problem with drugs, particularly heroin. She does not have a significant criminal record.

Defendant's counsel argues that probation is the proper sentence. He notes that the defendant has severe emotional problems and her lack of a criminal record is stressed. It is also pointed out that the defendant has made attempts since her arrest at resolving her drug problem by participating in a drug-dependency program. We find these facts to be persuasive but not decisive.

It is a well-established rule that a sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion. See, State v. Abram, 195 Neb. 199, 237 N. W. 2d 153 (1976); State v. Keller, 195 Neb. 209, 237 N. W. 2d 410 (1976). The penalty for robbery is set out in section 28-414, R. R. S. 1943. It is imprisonment for not less than 3 years nor more than 50 years. The penalty for larceny from the person is set out in section 28-505, R. R. S. 1943. It is imprisonment for not less than 1 year nor more than 7 years. The defendant received the minimum sentence for each crime. We cannot say that the trial court has abused its discretion.

The judgment of the District Court is affirmed.

AFFIRMED.