STATE OF NEBRASKA, APPELLEE, V. TIMOTHY J. JAVINS, APPELLANT.

255 N. W. 2d 872

Filed July 13, 1977. No. 41111.

George D. McArthur, for appellant.

Paul L. Douglas, Attorney General, and Judy K. Hoffman, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

The defendant plead guilty in the District Court to a violation of section 28-4,125 (1) (a), R. R. S. 1943, for unlawfully and knowingly delivering a controlled substance, to wit, marijuana. After a presentence investigation, the court sentenced the defendant to a term of from 1 to 2 years in the Nebraska Penal and Correctional Complex with credit of 6 days previously spent in the county jail. The defendant appeals.

The defendant assigns error in two general categories.

The record shows that on September 15, 1976, the judge stated to the defendant and counsel: "The presentence investigation report will probably not be ready for my examination for a week or two and when I receive the report and have an opportunity to inspect it I will notify your (defendant's) attorney and set up a date for your appearance here on sen-

tencing * * *.'' The record further shows that a sentencing hearing was set for October 4, 1976, and was rescheduled for October 13, 1976. Defendant's counsel was notified of the date set for sentencing and of the rescheduled date. Trial counsel for the defendant furnished an affidavit to the trial court that he did not examine the contents of the presentence investigation report prior to sentencing and had no opportunity therefore to comment on any errors in the report. The answer to the defendant's contention is stated in State v. Keller, 195 Neb. 209, 237 N. W. 2d 410: ''The obvious answer is that no request was made for an inspection of the report.'' The defendant cannot assert error in the failure to inspect a presentence investigation report when no demand was made for such inspection prior to sentence.

The second assignment of error is that the sentence is excessive. The presentence investigation report reveals that the defendant and one Steve Walton were roommates at Kearney State College in Kearney, Nebraska. On two separate occasions a cooperating individual went to their room and negotiated for a purchase of marijuana. On November 4, 1975, $150 was paid directly to Walton in the presence of Javins for 12 lids of marijuana. On November 11, 1975, the cooperating individual entered the Walton and Javins' room and purchased 4 lids of marijuana for $50 from Javins directly. Walton was present during the buy. Certain statements of Javins suggested to the cooperating individual that Javins and Walton were involved in dealing large amounts of marijuana in pound quantities and that they could secure any drug that the cooperating individual wished to purchase, especially marijuana and LSD. The presentence investigation report also disclosed that the defendant is in good physical health, is regularly employed, and has no prior criminal record or traffic offenses.

We note that the maximum sentence for a conviction of the crime for which the defendant is charged

is 10 years in the Nebraska Penal and Correctional Complex. Our attention has been directed to the case and transcript of State v. Walton in the District Court for Buffalo County which has been included in the transcript of the Javins case. The defendant offered the case to this court as a related case and requested this court to take judicial notice of that case. We agree to do so.

The record discloses that on February 1, 1977, the defendant Walton was present in court and the county attorney moved the court to dismiss the felony information of distributing marijuana and requested permission of the court to file an amended information charging possession of marijuana of less than 1 pound, a misdemeanor. The court granted such permission. Walton thereupon plead guilty and was sentenced by the court to a term of 7 days in the county jail and ordered to pay a fine of $500 and costs of prosecution. The county attorney sought and obtained permission of the court for the dismissal of the felony charge as required by section 29-1606, R. R. S. 1943. State v. Sanchell, 191 Neb. 505, 216 N. W. 2d 504. The trial court was aware of the differing treatment of the defendant and Walton.

We thus have a situation where two defendants appear to be equally involved in a scheme to distribute marijuana. The presentence investigation report of the defendant Javins discloses an absolutely clear record with all the indicia of probation. His sentence extends 1 to 2 years in the penal complex while Walton, his codefendant, received 7 days in the county jail and a fine of $500. The record is silent as to why the defendants received different treatments or why the court permitted the county attorney to withdraw the felony count and substitute the misdemeanor count as to Walton. There is nothing in the record to suggest that the defendant Javins would not be a fit subject for probation. We said in State v. Shonkwiler, 187 Neb. 747, 194 N. W. 2d 172: " 'A

sentence not involving confinement is to be pre-
ferred to a sentence involving partial or total con-
finement in the absence of affirmative reasons to the
contrary.'  ABA Standards Relating to Sentencing
Alternatives and Procedures, Standard 2.3 (c).''

This court has often said that it will not normally
disturb a sentence on appeal imposed within the
statutory limits absent an abuse of discretion.  See
State v. Westerlund, 197 Neb. 664, 250 N. W. 2d 627.
Nevertheless, where the defendant under review is
shown to have no criminal record and the strong
possibilities of rehabilitation, and where a codefend-
ant whose record, although not before us, could not
conceivably be any more favorable than that of the
defendant, a sentence to the penal complex as op-
posed to a reduction in charges and a relatively mild
sentence in the county jail indicates that an abuse of
discretion occurred.

The sentence will be and the same is hereby va-
cated and the cause remanded to the District Court
for resentencing.  On resentence, the trial court is
directed to set forth its reasons for differing disposi-
tions in the event that the defendant is resentenced
to a term in the penal complex.

REVERSED AND REMANDED WITH DIRECTIONS.