STATE OF NEBRASKA, APPELLEE, v. DEAN MILLER, APPELLANT.

255 N. W. 2d 860

Filed July 13, 1977. No. 41087.

Ryan, Scoville & Uhlir, for appellant.

Paul L. Douglas, Attorney General, and Paul W. Snyder, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

SPENCER, J.

This is an appeal by Dean Miller from a sentence on a guilty plea to one count of receiving stolen property. Pursuant to a plea bargain, two other counts were dismissed, and the prosecutor recommended probation. The court refused to accept that recommendation and sentenced defendant to 2 to 4 years in the Nebraska Penal and Correctional Complex. Defendant sets out eight assignments of error. They may be condensed as follows: (1) The court erred in seeking to coerce the defendant as a condition of probation to confess to other criminal conduct; (2) the court erred in not making a matter of record exactly what conditions he was imposing on the defendant; and (3) defendant was deprived of effective assistance of counsel at critical stages in the proceedings. We affirm.

On August 5, 1976, defendant appeared for arraignment before the District Judge of the Eighth Judicial District. He was represented by two private counsel. Defense counsel informed the court defendant would enter a plea of guilty to a charge of receiving stolen property. The trial court read defendant the penalty for that crime. Defendant indicated he

knew the minimum and maximum penalty, and reaffirmed his desire to plead guilty. Before accepting the plea, the trial court fully advised defendant of his constitutional rights and inquired of him whether he understood them and waived them. Defendant answered in the affirmative and once again indicated he wished to plead guilty.

The trial court then inquired whether there was a plea bargain involved. The county attorney told the court that in exchange for a plea of guilty to one count of receiving stolen property, he had agreed to give consideration to dismissing two other charges; and also, pending a favorable presentence report, he would not object to probation. The county attorney stated both parties understood probation was discretionary with the court. Defense counsel affirmed the county attorney's statement.

The court advised defendant it had no part in the plea bargain, was not bound by it, and asked defendant if that was his understanding. Defendant replied in the affirmative. The trial judge then advised defendant if he plead guilty, he could very well receive the maximum sentence under the statute, and asked him if he still wished to plead guilty. Defendant replied in the affirmative. The judge then asked defendant if he was in fact guilty of receiving stolen property. Defendant answered in the affirmative. Defendant then told the court that he had received a shotgun which was the basis of the charge to which he was pleading guilty, and two bicycles which were covered in the other two counts which were subsequently dismissed by the prosecution.

When asked if he knew the property was stolen, his reply was, "I didn't know for sure, sir. I didn't ask." The judge then advised defendant he would not accept his plea. Defense counsel requested a consultation with defendant. This was granted and held out of the hearing of the trial judge.

When the same question was again propounded by

the trial court, defendant stated he assumed they were stolen from the circumstances. The court then stated that before he could accept the plea, he would have to know whether or not at the time defendant purchased the stolen property he knew it was stolen. Defendant answered he did know it was stolen and that the items were brought to his house where he purchased them. He was then asked if these were the only items he had ever purchased from that particular seller. He answered in the affirmative. He was then asked if he had ever purchased any items of stolen property from anyone else. He answered, "No, sir." The court then accepted the guilty plea and continued the matter for further proceedings, pending the completion of a presentence report.

At the sentencing hearing, the judge stated for the record he had furnished a copy of the presentence report to the attorneys and asked defendant's counsel if they had had an opportunity to review the report with their client. They replied in the affirmative. The county attorney then advised the court that 24 guns found in the defendant's home had been confiscated by the police, and requested the court to take jurisdiction of them pending further disposition. The court did so, and asked defendant and his counsel if there was any objection. All replied in the negative.

Defendant predicates this appeal on his contention that the court erred in seeking to coerce him as a condition of probation to confess to other criminal conduct. At the sentencing hearing the court, after reviewing defendant's background and his consideration of the matter of punishment, stated: "If this Court could find a way to explain to each and every one of those young people, Mr. Miller, that you have made an indelible print on by your actions, this Court would set you free. I suppose there is a percentage of people that the threat of punishment is a deterrent. When you stood before this Court on the

5th day of August, Mr. Miller, I handed you the keys. The Court feels, not particularly from what a convicted felon says, feels that you chose, for whatever reason this Court does not know, not to use those keys. The sentence this Court is going to pass upon you, Mr. Miller, is for the reason that it feels sincerely that you still do not know that it is necessary, it is mandatory, that people understand the rule of law and this Court is very disappointed that you do not stand here in that position before this Court.''

This is the portion of the statement which defendant contends indicates the trial court was trying to pressure him to confess to other crimes. There is no support in the record for this conclusion. The record does not implicitly or explicitly state defendant's confession to other crimes was a condition to probation. In fact, defendant was not given an opportunity to do so after the judge made the above statement.

It is obvious to us that while the trial judge could have been more explicit, defendant could not mistake his meaning. He was explaining to defendant that he had lied to the court at the time his guilty plea was accepted. He was further suggesting defendant did not understand the gravity of the offense, and the court did not believe defendant had a sincere desire for rehabilitation. The judge in effect told him he was not a suitable prospect for effective probation.

Defendant, who was 33 years of age, for 5 years had been a teacher and coach in the South Sioux City community school system. He was graduated from college in 1966, with a B.A. degree, minoring in biology and majoring in physical education. He has been employed in the teaching profession since that date. The presentence report indicates that defendant's conduct, at least during recent times, has been far from exemplary.

Two searches of defendant's home pursuant to search warrants produced a .410 gauge shotgun, a

sawed-off shotgun, a clock radio, and numerous credit cards, together with the guns referred to heretofore.

Defendant's explanation of the credit cards found in his home, belonging to other parties, does, to say the least, test credulity. Defendant told the probation officer he found a billfold on the street near the Sears store in Sioux City, Iowa, with several of the cards but with no other identification. Some of the credit cards were in a billfold he claimed he found in his car. These were in the name of a person who allegedly had been in his car. He said he found two of the credit cards on the sink in the restroom of a bar. On June 11, 1976, while he was putting away wrestling equipment in a storage area at the South Sioux City school, he found several credit cards bearing the name of a teacher in the school system. The teacher, who was known to him, and the individual whom he said had been in his car, had both reported their billfolds, containing the credit cards, had been stolen. When questioned as to why he did not return the cards when he knew some of the individuals, he stated he did not know.

When questioned about the 24 guns found in his home, defendant identified some of them as having belonged to his father. Some guns he identified as having been purchased from individuals, pawnshops, or stores. However, there were eight or nine on which he could give no explanation.

The report contains the statement of the individual who admittedly sold the defendant the three items on which he was charged. This individual reported he had also sold defendant other stolen articles, including guns. This same young man reported he had sold defendant approximately 100 stolen citizens band radios which allegedly defendant had disposed of to other parties. A standard polygraph test indicated this individual could be telling the truth. The trial judge, however, stated at the sentencing hear-

ing that he had given very little credence to the report of this individual's activities. Except for possibly corroborative purposes, it was not necessary to do so. There was other damaging information, particularly the possession of stolen credit cards bearing the names of individuals known to him. This was sufficient to indicate to the trial judge that defendant had been less than candid with him.

Defendant argues the trial court erred in not specifically setting forth the reason for denying him probation. In considering a proper sentence, the trial court is not limited in its discretion to any mathematically applied set of factors. It is necessarily a subjective judgment, and includes the observation of the sentencing judge as to demeanor, attitude, and all the facts and circumstances surrounding the life of the defendant. State v. Wade, 193 Neb. 365, 227 N. W. 2d 400 (1975). Actually, the court did specifically tell the defendant the reason the court was denying probation and imposing a sentence of 2 to 4 years. The trial court told him: "This community, Mr. Miller, entrusted you with its most valuable asset that it has, the teaching of our youth. * * *

"The reports to our probation officer vary from superb to as low as you can get on the totem pole. * * *

" * * * your actions, show a course of conduct that not only this community, but no community could possibly stand. You have struck at the very core of this community. * * *

"The sentence this Court is going to pass upon you, Mr. Miller, is for the reason that it feels sincerely that you still do not know that is necessary, it is mandatory, that people understand the rule of law and this Court is very disappointed that you do not stand here in that position before this Court."

Defendant, who was represented by different counsel on appeal, argues he was deprived of his Sixth Amendment right to effective representation

because his counsel failed to protect him at critical stages in the proceeding with respect to errors committed by the court. Here, he argues counsel should have requested the court to explain exactly what he meant by his statement, "I handed you the keys." What we have heretofore said disposes of this contention. As the trial court told defendant, he was represented by two competent counsel. The record does not indicate otherwise.

Defendant impliedly attacks the presentence report. A sentencing judge has broad discretion as to the source and type of evidence or information which may be used as assistance in determining the kind and extent of punishment to be imposed, and the judge may consider probation officer reports, police reports, affidavits, and other information, including his own personal observations. State v. Holzapfl, 192 Neb. 672, 223 N. W. 2d 670 (1974).

The trial judge furnished defendant's counsel with copies of the presentence report. He also made certain they had discussed it with their client before proceeding with the sentencing hearing. Defendant did not object to the report as being inaccurate or unreliable, although one of his attorneys did call attention to what he thought might be a discrepancy and suggested that one could pass a lie detector test if he thought he was telling the truth even though he might be inaccurate. There is no merit to defendant's claim of ineffective assistance of counsel.

For the reasons mentioned, there is no merit to defendant's assignments of error. We have often said the action of a trial court in denying probation and imposing a sentence in a criminal prosecution will not be disturbed on appeal unless the record shows an abuse of discretion. We find no abuse of discretion herein. The judgment is affirmed.

AFFIRMED.