STATE OF NEBRASKA, APPELLEE, v. ROBERT LEE HOWARD, APPELLANT.

257 N. W. 2d 705

Filed September 28, 1977. No. 41288.

T. Clement Gaughan, Public Defender, and Paul M. Conley, Deputy Public Defender, for appellant.

Paul L. Douglas, Attorney General, and Paul W. Snyder, Assistant Attorney General, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

The defendant was convicted on his plea of guilty to the offense of robbery. The defendant was sentenced to a term of from 5 to 8 years in the Nebraska Penal and Correctional Complex, with credit for time spent in the county jail awaiting trial. As part of a plea bargain, a charge of assault with intent to rob was dismissed and the county attorney's office agreed not to file a charge of willful failure to appear in the District Court for trial on a felony charge. The defendant appeals contending his sentence was excessive. We disagree and affirm.

On April 16, 1976, the car in which the appellant was riding stopped to pick up a hitchhiker in Lincoln, Nebraska. After riding for a time, the appellant struck the hitchhiker with a table leg and demanded money from him. He struck the victim a second time and extracted from him the sum of $27.

After arraignment the defendant failed to appear for trial in the District Court and his bond was forfeited. During this period of time the defendant was apprehended in Missouri and escaped from the custody of authorities there. Subsequently the defendant was arrested in California, waived extradition, and returned to Nebraska. At the time of his arrest, the defendant was a heavy user of drugs. He had a very spotty work record and a criminal record involving primarily misdemeanors, with the exception of the escape charge filed in Missouri. The trial court specifically found that ". . . any sentence less than what it would impose in this case would depreciate the seriousness of the offense and would create disrespect for the law, not only by this defendant but by others who might be inclined to commit the same

type of offense." It has long been the rule in this State that absent an abuse of discretion, the judgment of a trial court in imposing a sentence within the statutory limits will not be disturbed on appeal. State v. Miller, 199 Neb. 19, 255 N. W. 2d 860.

The judgment and sentence of the trial court are affirmed.

AFFIRMED.