STATE OF NEBRASKA, APPELLEE, V. LLOYD D. SADDLER, APPELLANT.

265 N. W. 2d 679

Filed May 10, 1978. No. 41650.

William A. Tringe, Jr., of Tringe & Illingworth, for appellant.

Paul L. Douglas, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

WHITE, C. J.

On July 19, 1976, defendant was charged with drawing and uttering an insufficient fund check, second offense. Defendant waived his right to counsel at the arraignment on this charge and was bound over to the District Court for trial. On November 22, 1976, defendant was charged with failure to appear before the county court of Phelps County on another charge of second offense insufficient fund check. Defendant also waived his right to counsel on this charge and was bound over to the District Court for trial.

On July 27, 1977, defendant was arraigned in the District Court on both charges. Defendant waived his right to counsel and pled guilty to both charges. A presentence investigation report was ordered and on August 10, 1977, defendant was sentenced to a term of 1 year imprisonment in the Nebraska Penal and Correctional Complex with credit for 23 days served on each charge, the sentences to run concurrently. Defendant has appealed from his conviction for drawing and uttering an insufficient fund check,

second offense. We affirm the judgment and sentence of the District Court.

On appeal defendant first contends that the presentence investigation report was inadequate and incomplete under section 29-2261 (3), R. R. S. 1943.

We have examined the presentence investigation report as to all of the areas of inquiry that are required to be covered, when available, by the statute. The report covers an analysis of the circumstances attending the commission of the crime; and defendant's history of delinquency or criminality, his condition of mental and physical health, his family situation, his financial resources and work background, his educational history, and many other details relating to his personality and background that are not particularly mentioned in the statute. The report is 8 pages long and, prior to its preparation, defendant was interviewed for approximately 45 minutes by the adult probation officer. Defendant contends that he does not like the report because, in his opinion, it does not portray sufficient positive aspects of his record. We note that the defendant does not specify what information he would have provided. There is no merit to this contention.

Defendant's next alleged error relates to the examination of the presentence investigation report. No actual request to inspect the report was made by the defendant. In our very recent case of State v. Javins, 199 Neb. 38, 255 N. W. 2d 872 (1977), we said: "The record further shows that a sentencing hearing was set for October 4, 1976, and was rescheduled for October 13, 1976. Defendant's counsel was notified of the date set for sentencing and of the rescheduled date. Trial counsel for the defendant furnished an affidavit to the trial court that he did not examine the contents of the presentence investigation report prior to sentencing and had no opportunity therefore to comment on any errors in the report. The answer to the defendant's contention is stated in State v.

Keller, 195 Neb. 209, 237 N. W. 2d 410: 'The obvious answer is that no request was made for an inspection of the report.' *The defendant cannot assert error in the failure to inspect a presentence investigation report when no demand was made for such inspection prior to sentence.''* (Emphasis supplied.) It is undisputed that no such request was made. The defendant's contention is without merit.

The judgment and sentence of the District Court are correct and are affirmed.

AFFIRMED.