STATE OF NEBRASKA, APPELLEE, v. KENNETH KRAMER, APPELLANT.

279 N. W. 2d 634

Filed June 5, 1979.   No. 42384.

Larry R. Baumann, for appellant.

Paul L. Douglas, Attorney General, and Linda A. Akers, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

This is an appeal from a denial of post conviction relief. After hearing, the trial court refused to grant relief and the defendant appeals.

The defendant makes two assignments of error in this court: (1) That the defendant was denied due process of law by the failure of the trial court to advise the defendant of the court's feelings that the defendant was the leader in a series of grand larcenies for which the defendant was being sentenced; and (2) that the defendant was denied due process in that he was more severely punished than a codefendant when no basis existed for a disparity in sentence. We affirm.

The defendant, as part of a plea bargain, plead guilty to one count of grand larceny and one count of aiding and abetting a grand larceny in connection with a series of thefts and subsequent sales to salvage yards of aluminum products from Kroy Metal Products of York, Nebraska. Two other counts of grand larceny were dropped. The total value of the aluminum stolen in the various thefts was in excess of $5,000.

The defendant was sentenced to terms of from 2 to 5 years imprisonment on each of the two counts, the sentences to run concurrently. Delbert Kramer, brother of the defendant, was a codefendant below. At the hearing on the defendant's unsuccessful motion for new trial, the trial judge at one point said: "I don't believe there is any question, there was no question in my mind that Kenneth Kramer was the person who masterminded the complete operation, on that basis, I felt that the sentence that was imposed on him was justified." It is that statement which prompted assignment of error No. 1. At the presentence hearing, the following conversation took place: "THE COURT: Mr. Kramer, I have reviewed the presentence investigation that I ordered and that was prepared by the adult probation officer and that your attorney has reviewed.

"In this presentence investigation, the reason that was given by you at that time for the commission of the crime was that you had money problems and that you were placed in the position by your brother that made it necessary for you to participate in this crime or these crimes.

"Now there seems to be some variance of opinion between your brother and yourself as to who was responsible for these matters. Do you have anything you want to add on that? MR. KRAMER: Your Honor, all I can say is that it was started before I even knew anything about it and at the time that it was started, I was working and then I was laid off and placed in a position of not having a place to stay, no money for the place to stay, I was thoroughly confused, it was done out of the action of a need of a place to stay and that was about it. THE COURT: Well, are you maintaining your position that you were prevailed upon to participate in these crimes? MR. KRAMER: Yes, Your Honor. THE COURT: That you had nothing to do with the planning? MR. KRAMER: Yes, Sir. THE COURT: You did have a choice, didn't you? MR. KRAMER: Yes."

The defendant thus had ample opportunity and did present his position that he was pressured into a crime which was planned by someone else. The sentencing judge did not believe him. The fact that this was not announced at the time of defendant's statement was not prejudicial. In considering a proper sentence, the trial court is not limited in its discretion to any mathematically applied set of factors. It is necessarily a subjective judgment and includes the observations of the sentencing judge as to demeanor, attitude, and all facts and circumstances surrounding the life of the defendant. See State v. Miller, 199 Neb. 19, 255 N. W. 2d 860. A sentencing judge has broad discretion as to the source and type of evidence or information which may be used as as-

sistance in determining the kind and extent of the punishment to be imposed and the judge may consider probation officer reports, police reports, affidavits, and other information, including his own personal observations. See, State v. Holzapfel, 192 Neb. 672, 223 N. W. 2d 670; State v. Miller, *supra*. The defendant asks us, in effect, to promulgate a rule that the trial court be disqualified from sentencing when, after assertions are made on the relative involvement of the parties in a crime, the court makes a judgment based on the information available to it, and that the court should somehow be thereafter prohibited from sentencing. There is no such rule and we do not propose to promulgate one. Defendant has no previous felony record; however, as stated by the court: "The presentence investigation report, Mr. Kramer, indicates that while you have not been convicted of any felonies, that you have had a considerable amount of contact with law enforcement officers involving problems with infractions of the law or law enforcement agencies.

"It leads me to believe that you really have not adjusted to any kind of a regulated society that we live in and presently, doesn't appear to me that you are a contributing citizen to the society that we live in."

The defendant previously had two misdemeanor convictions and had been the subject of numerous complaints, many later withdrawn and some dropped, involving destruction of property, disorderly conduct, and fighting. In addition, it was the opinion of the probation officer and amply demonstrable from the presentence investigation report that the defendant had lied to the probation officer concerning the term of his employment with his last employer and the reason for its termination. We find there is no merit to the first assignment of error.

We find no basis in the record on which we could examine the second assignment of error. The de-

fendant makes reference in his brief to the fact that a codefendant, his brother, had a previous conviction and penitentiary sentence some 15 years before. It is on this basis that he claims there was a disparity of sentence amounting to a violation of due process of law. In State v. Javins, 199 Neb. 38, 255 N. W. 2d 872, this court set aside a sentence as excessive on comparing it with a sentence of a codefendant in the same crime. In State v. Javins, *supra,* we were supplied in this court with a transcript of the record of the codefendant, of which we agreed to take judicial notice. We have no method of comparing the record and sentence of the defendant in this case with that of his codefendant. We are not prepared to state that the sentence was excessive. A sentence imposed within statutory limits and an order which denies probation will not be disturbed on appeal in the absence of an abuse of discretion on the part of the trial court. See State v. Freeman, 201 Neb. 382, 267 N. W. 2d 544.

Section 29-2261, R. R. S. 1943, sets out a number of factors to be considered prior to imposition of a prison term as opposed to probation. It is obvious from the record and the presentence investigation report that the trial court considered each of these matters and resolved them against the defendant. The defendant's sentence is not excessive and regardless of any disparity with the sentence of the codefendant we are not prepared to say that the sentence should not be affirmed.

AFFIRMED.