STATE OF NEBRASKA, APPELLEE, V.
RALPH E. ANDERSEN, APPELLANT.

303 N.W.2d 298

Filed March 13, 1981.   No. 43396.

William M. Berlowitz of Friedman Law Offices for appellant.

Paul L. Douglas, Attorney General, and Judy K. Hoffman for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

The defendant pleaded guilty to a charge of theft by receiving stolen property of a value of over $1,000. The District Court, after a presentence investigation, sentenced the defendant to 3 to 5 years' imprisonment.

On November 29, 1979, the defendant was charged with theft by receiving stolen property over $1,000 in value. Two other similar charges were pending against the defendant, one in the District Court and one in the county court of Douglas County. On February 5, 1980, pursuant to a plea bargain, the other two charges were dismissed and the defendant pleaded guilty to the charge involved in this case. A presentence investigation was ordered and on March 13, 1980, the defendant appeared before the District Court for sentencing. Meanwhile, on March 5, 1980, the defendant was arrested and charged in the county court of Sarpy County with the offense of theft by deception.

The presentence investigation report in the present case had been completed before the March 5 charge. The record shows that defendant's counsel submitted the March 5 police record and reports to the court prior to the sentencing hearing and they were made a part of

the presentence report in this case. The record also establishes that at the sentencing hearing defendant's counsel commented on the police reports and summarized his conclusions as to the facts reflected in the reports. He also stated that the defendant had cooperated with the police by showing them where various items of stolen merchandise were located. Counsel also argued that defendant's family had been threatened because of that cooperation.

The District Court stated that it was not basing its sentence in the present case on the Sarpy County charge, but expressed its belief that the defendant was extensively involved in the business of dealing in stolen property and pronounced the sentence of 3 to 5 years' imprisonment and gave the defendant credit for 1 week in custody prior to sentencing.

The defendant now contends on appeal that the court took into consideration, in sentencing, information or reports which were not made available to the defendant to which the defendant had no opportunity to respond, and, therefore, defendant was denied due process of law. He also contends the sentence was excessive. The record demolishes defendant's contentions.

A sentencing judge has broad discretion as to the source and type of evidence or information which may be used in determining the kind and extent of the punishment to be imposed, and the judge may consider probation reports, police reports, affidavits, and other information, including his own personal observations. See *State v. Kramer*, 203 Neb. 658, 279 N.W.2d 634 (1979).

The defendant's prior criminal record was extensive. The sentence of 3 to 5 years was well within the statutory limits of 1 to 20 years and was not excessive. The conviction and sentence are affirmed.

AFFIRMED.