STATE OF NEBRASKA, APPELLEE, V. MICHAEL L. KLAPPAL,
APPELLANT.
355 N.W.2d 221

Filed September 21, 1984.   No. 84-141.

Thomas M. Kenney, Douglas County Public Defender, and Bennett G. Hornstein, for appellant.

Paul L. Douglas, Attorney General, and L. Jay Bartel, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

Defendant-appellant, Michael L. Klappal, challenges the 3- to 5-year prison sentence imposed following conviction upon his plea of nolo contendere to the charge of creating obscene material. Klappal assigns as error the failure of the sentencing court to determine that he is a mentally disordered sex offender subject to disposition as such, and the claimed excessiveness of his sentence. The record fails to sustain either assignment; we affirm.

Klappal had originally been charged with first degree sexual

assault on a minor, which charge was dismissed pursuant to a plea bargain agreement. An information was then filed charging Klappal with creating obscene material in violation of Neb. Rev. Stat. § 28-1463 (Reissue 1979). The information states in part that "on or about the 6th day of June, 1983, [he] . . . did then and there make, publish, direct or create obscene material having as one of its participants or portrayed observer a child under the age of sixteen years . . . ." It is this latter charge, involving three photographs depicting frontal nudity, a Class III felony, to which Klappal pled.

It is to be noted that by pleading nolo contendere Klappal admitted that the photographs in question were obscene. See, *State v. Luther*, 213 Neb. 476, 329 N.W.2d 569 (1983); *State v. Herren*, 212 Neb. 706, 325 N.W.2d 151 (1982). We therefore do not concern ourselves in this case with whether frontal photographs of the nude male human body, without more, may be constitutionally defined as such.

Klappal discusses at length the mandatory nature of the sentencing court's duty to order an evaluation as to whether one guilty of a felony sexual offense is a mentally disordered sex offender pursuant to Neb. Rev. Stat. § 29-2912 (Reissue 1979). There is no question the statute imposes such a mandatory duty upon the sentencing court. Section 29-2912 provides in part: "After a person is convicted of a felony sexual offense, the court, prior to sentencing, shall order a presentence investigation which shall include an evaluation to determine whether the defendant is a mentally-disordered sex offender." Thus, the question is not whether such a mandatory duty exists, but, rather, whether the offense in question is indeed a felony "sexual offense" within the meaning of the statute.

The term "sexual offense," as it is used in § 29-2912, is defined in Neb. Rev. Stat. § 29-2911(1)(b) (Reissue 1979) to include any felony in which the sexual excitement of the person committing the crime is a substantial motivational factor. Klappal relies on this definition, claiming that sexual excitement was a substantial motivating factor in his creating the obscene material.

It should be noted at the outset that the precise meaning of the term "sexual offense," as used in the statute, has not yet

been interpreted by this court. In *State v. Sell*, 202 Neb. 840, 277 N.W.2d 256 (1979), we were asked to consider whether a "sexual offense" under the previous Sexual Sociopath Act, Neb. Rev. Stat. §§ 29-2901 et seq. (Cum. Supp. 1978) (repealed 1979), included the crime of second degree murder, where the defendant argued his sexual excitement was a "substantial motivating factor." 202 Neb. at 844, 277 N.W.2d at 259. That act defined a sexual offense as "the commission of any crime as defined by law in which sexual excitement of the person committing the crime is a substantial motivating factor." § 29-2901(1)(c). We found it unnecessary to interpret that section, however, and decided the case on other grounds.

The issue which Klappal presents to us, on first glance, appears to afford us an opportunity to interpret present §§ 29-2911(1)(b) and 29-2912 for the first time. However, there is not sufficient competent evidence in the record pertaining to the incident which resulted in Klappal's conviction to support his contention that he was substantially motivated by sexual excitement while he created the obscene material.

The record supports a finding that on or about June 6, 1983, Klappal took three frontal photographs of a nude 14-year-old boy, hereinafter called the subject, at Klappal's home.

Although the factual basis before the sentencing judge at the time he accepted Klappal's plea was that Klappal took the photographs of the subject at Klappal's home, Klappal's description of the incident in his presentence report is otherwise. His description in that report is as follows:

[Klappal] stated the 4th of July, 1982, was the first time he met [the subject] when he was visiting Jim Lesch at his trailer located 6048 P Street. [Klappal] stated that Jim Lesch had been telling him about the young boy he had for a sex partner, and [the subject] was in the trailer, and Jim Lesch told [the subject] to drop his pants and show himself to [Klappal]. [Klappal] stated on a later date that Jim Lesch brought [the subject] to [Klappal's] apartment, and [Klappal] took pictures of him fully clothed.

[Klappal] stated on the 1st of June, 1983, Jim Lesch, [the subject], and [another] stopped by his apartment to visit in the early evening, and [Klappal] stated he was low

on groceries and had [said other] drive him to the grocery store to pick up a few items, and they were gone for only 15 minutes. [Klappal] stated he believes that Jim Lesch took pictures of [the subject] nude with [Klappal's] camera.

The remaining information in Klappal's presentence report does not detail the incident underlying the charge in question or the events leading to it.

Klappal relies on the presentence report of his acquaintance, Lesch, who was convicted of creating obscene material shortly before Klappal's conviction, to provide facts to demonstrate Klappal's requisite sexual motivation.

A review of Lesch's presentence report fails to reveal any elaboration on the specific incident between Klappal and the subject. Klappal is mentioned several different times in various police reports contained in Lesch's presentence report. However, contrary to Klappal's assertion (Brief for Appellant at 8), there is nothing in any of these reports which shows that Klappal performed oral sex on the subject at the time the subject photographs were taken. There is no evidence in the reports that the subject was stimulated by Klappal or that Klappal stimulated himself while in the presence of the subject.

It appears that Klappal has attempted to paint a broad background of sexual stimulation and activity, against which his offense and that of Lesch could be viewed, in order to show that Klappal was motivated by sexual excitement when he took the photographs in question. However, while there is ample evidence to conclude Lesch was motivated by sexual excitement at the time covered by those reports, there is no evidence to indicate that Klappal was so motivated on the occasion in question.

Although there is no evidence in the record to indicate that Klappal took the photographs to titillate a third person or for some nonsexual purpose, such as for commercial exploitation, neither is there any evidence to show that Klappal was himself substantially motivated by sexual excitement. Klappal has quite simply failed to show that there is any basis upon which to find that he committed a felony sexual offense as defined by § 29-2911(1)(b). Therefore, the district court did not err in not

ordering an investigation to determine whether Klappal was a mentally disordered sex offender pursuant to § 29-2912.

Klappal's claim that his sentence is excessive is based upon the fact that while he was sentenced to imprisonment in the Nebraska Penal and Correctional Complex for not less than 3 nor more than 5 years, Lesch, who was also convicted of creating obscene material, received a sentence of 5 years at the Lincoln Regional Center, after being identified as a treatable mentally disordered sex offender.

While it is true that this court may reduce criminal sentences when deemed to be excessive, Neb. Rev. Stat. § 29-2308 (Cum. Supp. 1982), it must also be remembered that a sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *State v. Hurlburt, ante* p. 121, 352 N.W.2d 602 (1984).

Under Neb. Rev. Stat. § 28-1464 (Reissue 1979), creating obscene material constitutes a Class III felony for a first offense. Neb. Rev. Stat. § 28-105(1) (Reissue 1979) provides a maximum penalty for such a felony of 20 years' imprisonment or a $25,000 fine, or both, and a minimum sentence of 1 year's imprisonment. Klappal's sentence of not less than 3 nor more than 5 years is well within the statutory limits.

Klappal argues, however, that the sentencing judge abused his discretion because his "codefendant" Lesch was treated less harshly as a mentally disordered sex offender. In so arguing, Klappal cites a number of cases in which this court has reduced sentences where equally culpable coperpetrators had been treated less harshly. The difficulty with this argument, from Klappal's point of view, is that Lesch in this case was not shown to be a coperpetrator of Klappal's. Klappal's charge and subsequent conviction resulted from an incident occurring on or about June 6, 1983, involving a particular subject. Lesch's conviction on a similar charge arose from an incident which occurred on or about October 27, 1981, involving a different victim. While both Klappal and Lesch were charged with creating obscene material, the charges arose from two separate incidents occurring over 1½ years apart. Klappal and Lesch cannot be considered coperpetrators for the purpose of sentencing when the incidents which led to each man's arrest

and subsequent conviction were not related to each other.

Klappal further argues in his brief that his guilty plea to a sodomy charge in Sioux City, Iowa, in 1972 should not have been considered by the sentencing judge in determining his sentence. Klappal claims that following a successful completion of probation, Klappal was allowed to withdraw his plea and the charge was dismissed. Brief for Appellant at 13. He cites Neb. Rev. Stat. § 27-410 (Reissue 1979) as authority for the proposition that a withdrawn guilty plea "is not admissible in any civil or criminal action . . . or proceeding against the person who made [it]." Section 27-410 does indeed so provide. However, Klappal fails to distinguish between the trial stage of a criminal proceeding and the sentencing stage. Section 27-410 is an evidentiary rule and does not apply to the sentencing stage. *State v. Goodpasture*, 215 Neb. 341, 338 N.W.2d 446 (1983). Therefore, it was within the sentencing judge's broad discretion to consider Klappal's prior withdrawn guilty plea in sentencing him.

Lastly, Klappal urges us to apply the preference of *State v. Burkhardt*, 194 Neb. 265, 231 N.W.2d 354 (1975), that all participants in the same crime be sentenced by the same judge in order to eliminate disparities between sentences. As we have already seen, however, Klappal and Lesch were not involved in the same crime; the *Burkhardt* preference therefore has no application to the case at hand.

AFFIRMED.