STATE OF NEBRASKA, APPELLEE, v. CHESTER PAUL CUNNINGHAM, APPELLANT.

176 N. W. 2d 732

Filed May 1, 1970. No. 37397.

Robert C. Guinan, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.
The defendant was charged with auto theft in violation

of section 28-522, R. R. S. 1943. He waived preliminary hearing and was brought before the district court on December 23, 1968. The record shows that at that time the defendant appeared with private counsel and entered a plea of guilty. The judgment entered on this plea was vacated by the district court on its own motion and a plea of not guilty entered for the defendant.

The case was set for trial on May 21, 1969, and the public defender was appointed to represent the defendant. When the defendant was brought before the district court on that day he withdrew the plea of not guilty that had been previously entered and again pleaded guilty.

On June 24, 1969, the defendant was brought before the district court for sentencing. The defendant asked leave to withdraw his plea of guilty. This request was denied and the defendant was sentenced to 3 to 5 years' imprisonment. The defendant now contends that he should have been allowed to withdraw his plea of guilty entered on May 21, 1969, and that the sentence is excessive.

Although the formal appointment of the public defender as counsel for the defendant occurred on May 21, 1969, the public defender stated in open court at that time that he was "* * * thoroughly familiar with the facts of this case. I have had plenty of opportunity to discuss it with the defendant and we are fully prepared to proceed with the trial." The defendant stated that he had consulted with the public defender and was prepared to proceed at that time.

The trial court carefully explained the rights of the defendant. The information and statute were read to him. He stated that he understood what pleas might be made and that no coercion or inducements had been made concerning his plea. The court was advised that the county attorney had agreed to dismiss a charge of robbery which was pending against the defendant in the event he pleaded guilty to the charge of auto theft. The defendant was advised that the trial court was not

a party to the plea bargaining and the defendant stated that he understood that the bargaining was not binding upon the court. The trial court ascertained that there was a factual basis for the plea and then accepted the defendant's plea of guilty.

The record shows that the defendant pleaded guilty with full knowledge of the charge and the consequences of the plea. There is nothing to indicate fraud, mistake, or other improper means in its procurement. The request for leave to withdraw the plea was properly denied. State v. Eutzy, 184 Neb. 755, 172 N. W. 2d 94.

The statute authorizes a sentence of from 1 to 10 years. § 28-522, R. R. S. 1943. The defendant in this case had been charged with robbery. While the case was pending and he had been released on bond, he was involved in a second robbery. There is nothing in the record to show that the sentence imposed was an abuse of discretion.

The judgment of the district court is affirmed.

AFFIRMED.