STATE OF NEBRASKA, APPELLEE, V. FREDDIE. LEE WILLIAMS, APPELLANT.

213 N. W. 2d 727

Filed January 4, 1974. No. 39090.

Wincel C. Nelson, Jr., for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

The defendant was charged with two counts of robbery and one count of use of a firearm in the commission of a felony. All these counts were based on a robbery at Buehler Brothers Market in Omaha, Nebraska, on February 27, 1973. Pursuant to a plea bargain the defendant pleaded guilty to one robbery count and use of a firearm in the commission of a felony. The second robbery count was dismissed. The defendant was sentenced to imprisonment for 15 to 45 years on the robbery charge and 5 years' imprisonment for the use of a firearm, the sentences being consecutive. He has appealed and claims the trial court should have permitted him to withdraw his plea of guilty; his counsel was inadequate; and the sentence was excessive.

The defendant was arraigned and a plea of guilty entered on March 7, 1973. A sentencing hearing was held on

March 21, 1973. When the trial court inquired whether the defendant wished to say anything before sentence was pronounced, the defendant stated that he wanted to enter a plea of not guilty. No showing was made in support of the request to withdraw the guilty plea and there is nothing in the record which indicates the request should have been granted. A plea of guilty made with full knowledge of the charge and the consequences of the plea will not be permitted to be withdrawn in the absence of fraud, mistake, or other improper means used in its procurement. State v. Cunningham, 185 Neb. 488, 176 N.W. 2d 732.

Throughout the proceedings in the District Court the defendant was represented by an assistant public defender. The same counsel also represented two other men, Rufus D. Jones and Oscar Lee Johnson, who had participated in the robbery. The defendant argues that he should have had separate counsel because there were differences in statements of the three men as to what took place at the time of the robbery. Since the defendant was convicted upon a plea of guilty, there was no prejudice to the defendant because his counsel also represented the other men involved in the robbery.

The record before us does not show inadequate representation of the defendant. The plea bargain was fully performed and the defendant's counsel recommended that each defendant receive a minimum sentence. It must appear that counsel's assistance was so grossly inept as to shock the conscience of the court before relief on the ground of ineffective assistance of counsel will be granted. State v. Putnam, 182 Neb. 185, 153 N.W. 2d 456.

The defendant is 26 years of age, married, and has five children. He attended school through the eleventh grade and had been employed as a packinghouse worker. He has not been convicted of any other offense except driving while intoxicated in 1971.

The witnesses in the store at the time of the robbery on February 27, 1973, stated that all three men were

armed. At least one shot was fired by Jones and there was some physical abuse of the employees. The crime was in progress when the police arrived and arrested the defendant and the other two men. The police recovered $1,421.31 that belonged to the store and $405.95 and two watches that had been taken from the employees.

On February 24, 1973, 3 days before the robbery at the grocery store, there was an armed robbery by three men at a beauty salon in which money and other property were taken from the employees and patrons in the salon. The defendant denied participating in that robbery but was positively identified by four witnesses as being one of the participants.

It is clear from the record that the robbery at the grocery store on February 27, 1973, was a very serious offense. The defendant should receive a sentence that is commensurate with that offense. The penalty for robbery is imprisonment for 3 to 50 years. § 28-414, R. R. S. 1943. The penalty for the use of firearms in the commission of a felony is imprisonment for 3 to 10 years, and the sentence must be consecutive to any other sentence. § 28-1011.21, R. S. Supp., 1972.

The sentence which was imposed on Count I in this case approaches the maximum authorized by the statute. Some consideration should be given to the fact that the defendant had no previous convictions for felony. As we view the record, justice would be served by a sentence of 5 to 15 years' imprisonment on Count I.

The judgment of the District Court is modified to provide that the sentence on Count I shall be imprisonment for 5 to 15 years. The judgment in all other respects is affirmed.

AFFIRMED AS MODIFIED.