STATE OF NEBRASKA, APPELLEE, v. LaVOY ORNER, APPELLANT.

222 N. W. 2d 819

Filed October 31, 1974. No. 39361.

Muffly & Watkins and Richard E. Scott, for appellant.

Richard R. Wood and Norman Langemach, Jr., for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

The sole issue presented in this case is the excessiveness of a sentence, imposed by both the municipal court and the District Court, of 30 days in jail and a license suspension of 1 year, imposed on conviction of driving an automobile during the period of a previous license suspension. We affirm the judgment and sentence of the District Court.

This court has repeatedly and recently held that a sentence imposed within the statutory limits will not be disturbed on appeal without a showing of an abuse of discretion by the sentencing court. The defendant nevertheless argues, under section 29-2308, R. R. S. 1943, that this court is authorized to reduce a sentence when in its opinion the sentence is excessive. The thrust of the defendant's argument is to the effect that this court should sit as an original sentencing court and to determine de novo what the sentence should be. This court has consistently held, as we have noted, that the standard of review in this court is whether there has been an abuse of discretion by the lower court. This court construed the meaning of section 29-2308, R. R. S. 1943, in the case of Bell v. State, 159 Neb. 474, 67 N. W. 2d 762, when it said as follows: "Section 29-2308, R. R. S. 1943, which authorizes the Supreme Court to reduce a sentence when in its opinion the sentence is excessive, ·was not intended by the Legislature as a directive to the court to reduce the sentence in every instance where it is asked, but only in those cases where it is apparent that the *trial court has abused its judicial discretion and fixed a penalty which is clearly excessive.*" (Emphasis supplied.)

The record shows that the defendant's license was

suspended on points on August 18, 1972. The defendant had received a previous notice of revocation of his license on points on or about July 19, 1972. The record shows, so far as pertinent here, that subsequent to the July 19, 1972, suspension, that the county court of Otoe County set aside a sentence on one of the convictions supporting that suspension, and in order to prevent the defendant from losing his license on points, placed him on probation and transferred the probation to the Lancaster County, Nebraska, probation officer. The August 18, 1972, revocation resulted from a subsequent conviction while the defendant was on probation. The defendant failed to report to the probation officer as directed and revocation of that probation was recommended by the Lancaster County probation officer. The defendant concedes that he drove an automobile "about three times" after his license was suspended.

The District Court, before sentencing on the appeal from the municipal court conviction, ordered a presentence investigation. The record shows that the defendant has been convicted over a period of 10 years of other offenses unrelated to driving an automobile. Further recitals of the evidence from the record are unnecessary. It is clear the sentence was not excessive and there was no abuse of discretion on the part of either the municipal court or the District Court in imposing the sentence that they did.

The judgment and sentence of the District Court are correct and are affirmed.

AFFIRMED.