STATE OF NEBRASKA, APPELLEE, v. JAMES MICHAEL FOUTCH, APPELLANT.

244 N. W. 2d 291

Filed July 28, 1976. No. 40500.

Paul L. Douglas, Attorney General, and Melvin K. Kammerlohr, for appellee.

Paul E. Watts, J. Joseph McQuillan, Gerald E. Moran, and Robert C. Sigler, for appellant.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Defendant, James Michael Foutch, pled guilty to a charge of assault with intent to inflict great bodily injury on a 4-year-old child. He appeals as excessive and unduly harsh a 3 to 9 year sentence in the Nebraska

Penal and Correctional Complex. We affirm as modified.

The charge stems from an incident in which Foutch kicked a child when the child refused to obey him. The kick either knocked the child into a window fan sitting on the floor, or the child fell against a chair on which the fan was resting, causing it to fall on him, injuring his left leg. The child was unable to stand up and defendant packed his leg in ice. Defendant had been babysitting with the child while his mother was shopping. When the mother returned, she and defendant took the boy to the hospital where X-rays revealed the fractured leg.

Defendant, who had been dating the child's mother for about 1 year before the incident, had developed a rapport with the child. During that period he had taken the child and a sister to various places of amusement. As described by the mother, he had become a surrogate father to the child.

The penalty provided for this offense is imprisonment in the Nebraska Penal and Correctional Complex for not less than 1 year nor more than 20 years. § 28-413, R. S. Supp., 1974. The penalty imposed is well within the range of the statute. The question is whether it is excessive on the facts in this case.

Defendant, who is 26 years of age, was single and had no previous criminal record, either misdemeanor or felony. He was cooperative and readily admitted his guilt. In a moment of anger, he gave vent to an emotional outburst which resulted in the injury.

On the motion for a new trial the mother of the boy testified that the defendant and her son had always gotten along well. She confirmed the fact that the defendant had been a father figure toward the child and had taken him to various places of amusement. The boy's leg had completely healed by that time.

At the oral argument, the State's attorney commented that he felt the sentence in this case was difficult to de-

fend, but since defendant had pled guilty to the charge of assault with intent to do great bodily injury, the sentence could not be said to be an abuse of discretion. On the record, we feel, however, it is excessive under the circumstances.

A sentence of imprisonment should not exceed the minimum period consistent with protection of the public, gravity of the offense, and rehabilitative needs of the defendant. State v. Sturm (1972), 189 Neb. 299, 202 N. W. 2d 381.

Defendant, who was a sober, industrious individual, was self-employed as a supervisor of a maintenance crew at an Omaha condominium. He quit school in the 10th grade to enlist in the army. He served in Vietnam and was honorably discharged in October 1969. He lived at home with his father. The child's mother professes to be in love with him. He visited the child in the hospital and appears to be very concerned about the unfortunate incident.

Section 29-2308, R. R. S. 1943, gives this court the authority to reduce a sentence rendered by the District Court when it appears to be excessive. Under the circumstances of this case, probation cannot be justified because of the seriousness of the offense, which was after all a crime of violence directed toward a child. A reduction in sentence, however, is appropriate given the defendant's lack of any prior record, the absence of any showing that defendant himself represents a threat to the public, and his cooperation. The punishment for a criminal act should in all circumstances be commensurate with the offense. State v. Williams (1974), 191 Neb. 57, 213 N. W. 2d 727.

On the record, the interest of justice would be better served by a sentence of 1 to 3 years in the Nebraska Penal and Correctional Complex. We therefore reduce the sentence imposed to 1 to 3 years, and affirm the judgment as modified.

AFFIRMED AS MODIFIED.

CLINTON, J., dissenting.

I respectfully dissent. The reduction in sentence in this case can be justified only by looking behind the plea of guilty and concluding that the defendant did not actually have the specific intention "to inflict great bodily injury," but was in fact guilty only of simple assault and battery accompanied by unexpected injury. This is what the majority opinion does. I doubt that the rather meager record justifies this conclusion.

The conclusion is founded wholly upon the testimony of the child's mother who was not a witness to the incident and who gave her testimony after sentence was imposed and during a motion for new trial. Her version of how the injury occurred is itself only a conclusion.

No motion for leave to withdraw the plea of guilty was made by the defendant. The defendant himself did not testify that his plea was inadvertent or that he had no actual intention to inflict great bodily injury. To the writer of this dissent, the mother's testimony seems self-serving and designed to keep her friend out of the penitentiary.

The prosecutor, at the time the plea was entered, informed the court that medical records of the child showed that between August 5, 1972, and July 27, 1975, the child was treated for "bruises on his arms and legs, lacerations and bruises over eyes and numerous cuts and abrasions, bruises over his back and buttocks and he's got numerous medical reports of injuries—injuries according to the medical record were a result of falling down stairs." The prosecutor had not changed his mind when the motion for new trial was acted upon. He then said, referring to the mother's testimony: ". . . she describes this as a freak accident; that's certainly not what the defendant says it was, and that's not what the medical history of the victim shows."

I do not believe the record before us justifies a finding that the trial judge abused his discretion in the imposition of sentence.