STATE OF NEBRASKA, APPELLEE, V. ROBERT HOUSTON, JR., APPELLANT.

246 N. W. 2d 63

Filed October 13, 1976.   No. 40549.

Paul E. Watts, J. Joseph McQuillan, Gerald E. Moran, and Robert C. Sigler, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

The defendant pled guilty to the following charges: Count I, robbery and count II, use of a firearm in the commission of a felony; and pled nolo contendere to count III, a charge of shooting with intent to kill, wound, or maim. The pleas were found by the court to be intelligent and voluntary and were accepted. The defendant was adjudged guilty and sentenced to terms of imprisonment as follows: Count I, not less than 5 nor more than 15 years; count II, a consecutive sentence as required by the provisions of section 28-1011.21, R. R. S. 1943, of not less than 3 nor more than 10 years; and count III, a concurrent term of not less than 10 nor more than 25 years.

On appeal to this court the defendant asserts that the sentences are excessive and that he was deprived of due process of law because the trial judge, in determining sentences to be imposed, considered the effects that sec-

tion 83-1,107, R. S. Supp., 1976, the so-called good time law, might have upon the time of imprisonment which might actually be served. We affirm.

The record establishes that on June 13, 1975, the defendant and several companions, with the use of firearms, robbed the Sip-N-Chin tavern in Omaha, Nebraska, and that during the course of the robbery an employee of the bar was shot. The record also establishes that on the same day the defendant and his companions robbed another establishment and during the course of the robbery shot the attendant. Four days later they robbed a filling station and shot an employee during the course of that robbery. The record establishes that the shootings were in each case deliberate and that the "necessity" of shooting witnesses was discussed beforehand by the participants. Following the defendant's apprehension he and his companions, in an effort to escape, assaulted a guard and obtained a key from him by threatening to kill him. At the time of the offenses the defendant was 16 years of age. His companions were also youthful.

In the course of the sentencing procedure the judge listed a number of matters which he considered in imposing sentence. These included the nature and circumstances of the crimes; the part the defendant had played in them; the attitude of the defendant; his background and age; his previous record; and the attempted escape and the assault upon the guard. He then concluded: "So, I've taken into consideration all of these things. And I've also taken into consideration the present law which the last Legislature enacted in which there's all these mandatory release dates and good time dates. The Court has to take that into consideration now in assessing the penalty."

The defendant argues that the above statement by the sentencing judge establishes that the judge sought to defeat the legislative purposes of the "good time" statute and so considered irrelevant factors, all of which

constituted a constitutional violation of due process as well as an abuse of judicial discretion.

Three of the purposes of punishment, among others, are deterrence, retribution, and the expression by society of its moral disapproval of the offense. The nature of the crimes to which defendant either pled guilty or nolo contendere and the other crimes in which he participated, together with his demonstrated attitude of utter disregard for the life of innocent persons, shows a depravity and callousness which is chilling to contemplate. In the circumstances before us, light or minimum sentences could not have served the purposes mentioned and would have promoted disrespect and distrust of the law. Therefore, unless the fact that the judge stated that in determining sentence he considered the possible effects of section 83-1,107, R. S. Supp., 1976, constitutes a due process violation, the sentences, in our judgment, clearly do not constitute an abuse of discretion.

The defendant, in support of his position, cites and quotes from Williams v. New York, 337 U. S. 241, 69 S. Ct. 1079, 93 L. Ed. 1337. Both parties also cite State v. Rose, 183 Neb. 809, 164 N. W. 2d 646. These cases deal with the question of what factual matters, other than those presented during the course of trial, a court may consider in determining an appropriate sentence and the means by which the court may obtain information of such facts. In Williams the sentencing judge disregarded the recommendations of a jury for a life sentence and, after taking into consideration information as to the defendant's past record, his attitudes and propensities, imposed the death penalty. The United States Supreme Court on appeal held, among other things, that the fact that such additional information was not received in open court and in accordance with the rules of evidence did not violate due process requirements. The Rose case cited Williams and followed it.

The cases cited do not reach the issue here raised.

We know of none that do. The defendant's argument apparently is that the possible effect of the good time law is an irrelevant matter for consideration by the court in determining the sentence it will impose. Perhaps it is, but the mere fact the court stated that it took the effects of the statute into consideration does not, in our judgment, constitute a due process violation. First of all, whatever the court does in imposing sentence cannot affect the actual application of the statute, or other statutes which affect time served, for those statutes are administered by agents of the executive branch of government pursuant to statutes enacted by the legislative branch. Anything a sentencing court may say cannot prevent their application. See, Art. IV, § 13, Nebraska Constitution; §§ 83-1,107, 83-1,107.01, 83-1,101, 83-1,109, 83-1,110, 83-1,111, R. S. Supp., 1976. Let us cite a few examples. If a court imposes a term certain, it, under the provisions of section 83-1,105, R. S. Supp., 1976, becomes an indeterminate sentence, e.g., an imposed term of 7 years becomes, in fact, one of 1 to 7. Then under the provisions of sections 83-1,107 and 83-1,107.01, R. S. Supp., 1976, the executive officer of the penal facility allows credit for "good behavior" and "faithful performance of assigned duties." Then, under the provisions of sections 83-1,108 and 83-1,110, R. S. Supp., 1976, the Board of Parole may make further reduction for "good conduct." Thus a 7-year sentence possibly may result in actual confinement of less than 1 year. Thus, as a practical matter, sentences imposed by courts often have little relation to time actually served. The time served usually depends upon the defendant himself and those who are by law charged with carrying out the constitutional and legislative mandates. Determination by a sentencing court of an appropriate sentence is therefore to a substantial degree merely an expression of society's condemnation of the offense.

The trial courts of this state, for the most part, at

least, do their conscientious best, within the limits of the sometimes broad discretion granted them by statute, to make the sentence "fit the offender and not merely the crime." Williams v. New York, *supra*. In the light of the practicalities we have discussed, it would be anomalous were we to say that because a judge did his thinking aloud that due process was violated. The record before us does not support any conclusion that the sentence imposed was dictated by prejudice, ill will, vindictiveness, or other unworthy motive. It is our considered opinion that the sentences imposed in this case are appropriate not only for the crimes, but for the offender, and that the trial judge did not abuse his discretion. We hold that the fact that a sentencing judge announces that in imposing sentence he has considered the possible effect of statutes which make it possible for prison authorities to ameliorate the sentence does not, in and of itself, violate the due process provisions of the state and federal Constitutions.

We note in passing that we have previously affirmed, without opinion, under the provisions of Rule 1e(1) of the rules of this court, but after full consideration of the record, identical sentences imposed upon two of the defendant's accomplices.

AFFIRMED.