STATE OF NEBRASKA, APPELLEE, v. WILLIAM OWEN KING, APPELLANT.

246 N. W. 2d 477

Filed November 3, 1976. No. 40659.

John R. Hall of McDermott & Hall, for appellant.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

The defendant was found guilty by a jury on a charge of burglary. He was also found guilty by the court on a second count as being an habitual criminal and was sentenced to a term of not less than 20 nor more than 30 years in the Nebraska Penal and Correctional Complex. He appeals and contends the sentence is excessive. We reduce the sentence to not less than 10 (the mandatory minimum required by section 29-2221, R. R. S. 1943), nor more than 30 years.

The defendant was 47 years of age at the time of trial. He had served six previous terms of varying duration, all for burglary. He is an alcoholic. He has never been involved in a crime of violence and his psychiatric examination indicates he has no tendency to violence. The burglary of which he was convicted in the present instance consisted of breaking the glass door of an automobile service station, then entering and opening a vending machine which apparently contained no coins. One previous burglary also involved a service station and vending machine. The nature of the other burglaries is not disclosed. In the present case he was observed in the act of the burglary and was apprehended when he fled. About 1½ months before the date of his present offense he had been released from his last prison term. Following that he sought employment, but found none, and at the time of the current offense had about $1 in his pocket.

His social history includes the following: His father died when he was 7 years old. He quit school during the seventh grade. School records indicate that he was slow, dependable, industrious and respectful, but that he attended school only irregularly and thus failed. Discipline was lacking in the family after his father's death. He began to consume alcohol at age 14. His mother

died when he was 17. His only work has been as a laborer at very low wages. He does his time in the penitentiary well and causes no problems.

Although he is average or above average in intelligence, he has what is described as a passive-dependent type of personality and is characterized as indecisive, fearful of assertion, and timid. He fails to learn either from experience or punishment.

Presumably one of the reasons this court is empowered by statute to reduce sentences is to afford some additional opportunity at the appellate level of achieving proportionality in sentencing. Proportionality ought to mean, among other things, that the more serious offenses generally merit the greater punishment, and that those offenders who offer the greatest menace to society deserve the greater punishment.

Despite the defendant's long criminal record and his apparent inability to learn either from experience or from punishment, we do not think that society's expression of outrage in this case ought to be the same as in the cases of rape, kidnapping, murder, and deliberate shooting with intent to kill. A look at some recent cases before this court will aid our perspective: State v. Leonard, *ante* p. 731, 246 N. W. 2d 68 (burglary of the prison store by an inmate, habitual criminal charge added, sentence 10 years); State v. Houston, *ante* p. 724, 246 N. W. 2d 63 (robbery, use of firearm, shooting with intent to kill, 10 to 25 years); State v. Franklin, 194 Neb. 630, 234 N. W. 2d 610 (kidnapping, rape, and sodomy, consecutive terms totaling 14 to 19 years); State v. Barajas, 195 Neb. 502, 238 N. W. 2d 913 (murder in the second degree, 25 years; by virtue of the operation of section 83-1,105, R. S. Supp., 1976, actually 10 to 25).

The minimum portion of the indeterminate sentence imposed in this case, 20 years, is actually the longest minimum that could be imposed under the provisions of the pertinent statutes, section 29-2221, R. R. S. 1943, and section 83-1,105(1), R. S. Supp., 1976, i.e., one-third

of the 60-year maximum. We know that as a practical matter the minimum portion of an indeterminate sentence is that which measures the severity of the sentence. If the longest minimum is imposed in cases such as this, then there is no room for more severe punishment of habitual criminals whose crimes constitute a greater menace to society and who are more morally reprehensible, e.g., as in the case of the armed robber who repeatedly endangers life. Leeway must be left to effectuate proportionality as best we can.

It may well be that the defendant must be warehoused for the rest of his life, but this can be best judged at a later time by those who have charge of supervising his incarceration and determining the time of his release as permitted or required by law. We ought not to unduly tie their hands in this case. Society's expression of moral condemnation does not, in our judgment, require a minimum term of 20 years, but rather the statutory minimum. See our comments in State v. Houston, *supra*.

AFFIRMED AS MODIFIED.