STATE OF NEBRASKA, APPELLEE, V. GARY PHILLIP MOORE, APPELLANT.

252 N. W. 2d 617

Filed April 20, 1977. No. 40747.

Frank B. Morrison, Bennett G. Hornstein, and Richard Kitchen, for appellant.

Paul L. Douglas, Attorney General, and Paul W. Snyder, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MCCOWN, CLINTON, BRODKEY, and WHITE, JJ.

McCown, J.

The defendant pleaded guilty to a charge of uttering a forged instrument and was sentenced to 5 to 10 years imprisonment. The only issue on appeal is whether the sentence was excessive.

The check which forms the basis of the charge here was for $213.43 on the account of the Dominican High Athletic Club, drawn on the North Side Bank of Omaha. The defendant attempted to cash it on December 16, 1975. The presentence investigation report shows that defendant admitted cashing some 19 checks drawn on that account over a period of several months for a total sum of approximately $3,600. A number of checks had been stolen from Dominican High School sometime in the summer of 1975. The defendant denied any knowledge of that burglary, but told several different stories as to how he had acquired the stolen checks.

The defendant had also allegedly forged six checks totaling $1,200 drawn on the Wall Corporation, for which he had been separately charged at the time of arraignment. At the time of sentencing, the State of Minnesota had issued a bench warrant for the defendant on a charge of receiving stolen property.

Defendant's juvenile record shows that he was found to be a child in need of special supervision on charges by a complaining witness that he snatched a $20 bill from her hand. He was placed on 10 months probation and successfully completed it when he was 14 years of age. From that time on he had no "criminal" convictions until the conviction here. He was charged with four traffic offenses, all in the year 1975. Two of those were dismissed. He was fined $50 on one, and disposition was pending on the other.

The defendant was 1 month over 18 years old and living in his mother's home at the time of this offense. The conviction here was his first felony conviction. His only prior "criminal" conviction of any kind was for snatching a $20 bill when he was 13 years of age.

The statutory sentence range for the crime of uttering a forged instrument is from 1 to 20 years.

A sentence of imprisonment should not exceed the minimum period consistent with protection of the public, gravity of the offense, and rehabilitative needs of the defendant. State v. Foutch, 196 Neb. 644, 244 N. W. 2d 291.

Proportionality in sentencing mandates that the more serious offenses generally merit the greater punishment and that those offenders who offer the greater menace to society deserve the greater punishment. State v. King, 196 Neb. 821, 246 N. W. 2d 477.

The defendant was 18 years old. This was his first felony conviction and his first criminal conviction. The crime was a nonviolent one. His juvenile record is minimal and also nonviolent. These facts, together with a comparison of the sentence with forgery sentences generally, lead us to conclude that the sentence was excessive under the circumstances here. Section 29-2308, R. R. S. 1943, gives this court the authority to reduce a sentence imposed by the District Court when it appears to be excessive. We believe a sentence of 2 to 5 years in the Nebraska Penal and Correctional Complex is appropriate. We therefore reduce the sentence imposed to 2 to 5 years and affirm the judgment as modified.

AFFIRMED AS MODIFIED.