STATE OF NEBRASKA, APPELLEE, V. KEVIN O. KOMOR,
APPELLANT.

329 N.W.2d 120

Filed January 21, 1983.   No. 82-409.

Thomas M. Kenney, Douglas County Public Defender, and Bennett G. Hornstein, for appellant.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ.

CAPORALE, J.

Defendant-appellant, Kevin O. Komor, was charged with theft of property having a value in excess of $1,000. Upon pleading guilty, he was sentenced to a term of imprisonment at the Nebraska Penal and Correctional Complex for a period of not less than 1 nor more than 3 years. In this appeal, defendant claims the sentence is excessive. For the reasons hereinafter stated, we agree with defendant and reduce the sentence.

On February 22, 1982, the 18-year-old defendant and two acquaintances, one an adult and the other a juvenile, were in the home of the juvenile acquaintance's mother and her boyfriend or husband. While there, the three decided to steal the husband-boyfriend's stereo set. All three participated in the transaction; the defendant helped the other two carry the set out of the house and load it into a truck.

The set was to be sold and the three were to share equally in the proceeds.

The defendant quit school in the 10th grade, admitted to drug and alcohol use, had neither financial obligations nor employment (he stated he supported his habits by the sale of his blood), and had no prior traffic, juvenile, or adult criminal record. The adult coperpetrator dropped out of the ninth grade, denied drug use, had been employed at the time of his presentence investigation for 3 weeks as a dishwasher, had had prior short-term employment at minimal wages, and had a history of juvenile and adult criminal convictions dating to 1977.

Theft of property having a value in excess of $1,000 is a Class III felony for which the maximum permissible punishment is 20 years' imprisonment, a $25,000 fine, or both such imprisonment and fine; the minimum punishment is imprisonment for 1 year. Neb. Rev. Stat. §§ 28-105, 28-511, 28-518(1) (Reissue 1979).

The adult coperpetrator was sentenced by another division of the same sentencing court to 2 years' probation upon the conditions, among others, that he make restitution for one-half of the "loss incurred" and serve 90 days in the Douglas County Department of Corrections.

During the course of the presentence investigation, defendant failed to properly keep two appointments with the investigating probation officer, and on one occasion, after defendant appeared earlier than scheduled, became upset when told to go home and return at the scheduled time and stormed out of the office. The investigating probation officer then recommended against probation.

Neb. Rev. Stat. § 29-2308 (Reissue 1979) provides this court with authority to reduce a sentence on appeal when said sentence is excessive and would result in a substantial miscarriage of justice. We have held that only a sentence which is clearly excessive is to be reduced, State v. Orner, 192 Neb. 523,

222 N.W.2d 819 (1974), and that we will not reduce a sentence imposed within statutory limits absent an abuse of discretion by the trial court, *State v. Cook,* 212 Neb. 718, 325 N.W.2d 159 (1982).

Under the circumstances of this case we conclude defendant's sentence is the result of an abuse of discretion by the trial court, is clearly excessive, and if affirmed on appeal would result in a substantial miscarriage of justice. It appears, in the face of the absence of any prior criminal record and the sentence imposed upon defendant's adult coperpetrator, that the court placed undue reliance upon the recommendations of a piqued functionary conducting the presentence investigation and defendant's less-than-exemplary conduct during that investigation. It may be that the defendant will prove himself incapable of successfully carrying out a sentence of probation; however, we deem that, in view of the treatment accorded defendant's coperpetrator, and especially in view of the fact defendant has no prior criminal record, defendant must in any event be given the opportunity to try. Anything other than that would constitute an impermissible disparity of sentences for identical offenses.

The sentence of the trial court is modifed to one of probation for a period of 2 years upon the same conditions as those imposed upon defendant's coperpetrator, James V. Roberts.

AFFIRMED AS MODIFIED.