STATE OF NEBRASKA, APPELLEE, V. DONALD CLARENCE
KOWALSKI, APPELLANT.

332 N.W.2d 678

Filed April 15, 1983. No. 82-335.

Ronald J. Albin, for appellant.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellee.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and COLWELL, D.J., Retired.

WHITE, J.

The defendant, Donald Clarence Kowalski, was informed against in the District Court for Madison County, Nebraska, on count I, second degree forgery, Neb. Rev. Stat. § 28-603(3) (Reissue 1979), a Class IV felony; count III, second degree forgery, § 28-603(4), a Class I misdemeanor; and count IV, attempted second degree forgery, § 28-603(4) and Neb. Rev. Stat. § 28-201 (Reissue 1979), a Class II misdemeanor. In addition, the information in count II charged that the defendant was an habitual criminal, Neb. Rev. Stat. § 29-2221 (Reissue 1979), and alleged six previous convictions of felonies for which the defendant was sentenced to a term of 1 year or more in the Nebraska Penal and Correctional Complex.

A jury convicted the defendant of all three substantive counts. At the enhancement hearing, certified copies of the judgments of conviction were introduced and received into evidence by the trial court. The court found the defendant to be an habitual criminal. The court, after reviewing the presentence report, sentenced the defendant to a term of 10 years on count I, second degree forgery, a felony; 1 year on count III, second degree forgery, a misdemeanor; and 6 months on count IV, attempted second degree forgery, a misdemeanor. The sentences were to be served concurrently with the sentence received in count I.

Defendant appeals and assigns three alleged errors, only two of which are discussed: (1) The sentence is excessive; (2) The judgment is not supported by the evidence; and (3) The court erred in admitting proof of prior convictions because of insufficient foundation. Assignment of error (3) is not discussed in the brief and will not be considered, ex-

cept to note in passing that the certified copies appear to be fully in compliance with Neb. Rev. Stat. § 25-1285 (Reissue 1979) and each discloses that the defendant was afforded counsel in each proceeding. See Neb. Ct. R. 9D(1)d (Rev. 1982). *Johnson v. Johnson,* 209 Neb. 317, 307 N.W.2d 783 (1981).

The evidence establishes that the defendant wrote four checks, three at Jake's Bar in Norfolk, Nebraska, and a fourth at the ABC Bowl bar, also in Norfolk. The checks were drawn on the account of Thomas Block.

The first two checks were cashed at Jake's Bar for a total of $150, and employees refused to cash a third check after becoming suspicious. The proprietor of Jake's Bar then followed the defendant to the ABC Bowl bar and, after watching the defendant attempt to pass the fourth Thomas Block check, demanded and received the $150 that the defendant had obtained from Jake's Bar. The proprietor then returned the two checks that the defendant had previously cashed. Norfolk police arrived shortly thereafter and arrested the defendant.

Thomas Block testified that his checkbook, which was recovered from the floorboard of the police cruiser directly under the seat where defendant was sitting, had been stolen from him or lost by him the previous week at a Norfolk lounge, that he did not know the defendant, that the signature on each of the checks was not his, and that he had given no one permission to draw checks on his account. Though several witnesses, especially the barmaid at Jake's Bar, could not positively identify the defendant as the person who presented the Thomas Block checks, a number of witnesses did so. The overwhelming evidence of the guilt of the defendant renders the argument that the evidence was insufficient absolutely frivolous. The assignment is totally without merit.

The assertion that the sentence was excessive also borders on the frivolous. The defendant's 10-year

enhanced sentence under § 29-2221(1) is the minimum. The maximum term is 60 years. The defendant has previously been convicted and sentenced for burglary twice, escape twice, robbery, and use of a firearm to commit a felony. The punishment imposed is commensurate with the offense. *State v. Foutch,* 196 Neb. 644, 244 N.W.2d 291 (1976).

The judgment and sentence of the trial court should be affirmed.

AFFIRMED.