STATE OF NEBRASKA, APPELLEE, v. MICHAEL NIX, APPELLANT.

338 N.W.2d 782

Filed September 30, 1983. Nos. 83-371, 83-372.

Peter K. Blakeslee, for appellant.

Paul L. Douglas, Attorney General, and Mel Kammerlohr, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

The only assignment of error for us to consider in this appeal is whether the sentence imposed upon the defendant, Michael Nix, was excessive. We find the sentence excessive, modify it, and affirm as modified.

On February 4, 1983, Nix entered a plea of no contest to three property-related offenses. Those offenses were two felony counts of theft by receiving

stolen property and one misdemeanor count of theft by receiving stolen property. Nix was sentenced to consecutive terms of not less than 1 nor more than 2 years on each of the felony convictions, and to a term of 1 year on the misdemeanor conviction, to be served concurrently with the two other sentences.

All of the convictions stem from a "sting" operation conducted by Lincoln police and the Nebraska State Patrol. The law enforcement officers had set themselves up in a secondhand store in Lincoln and let the word be circulated throughout the community that they were interested in buying property of all types. Word reached Nix and his partner in crime, James Knaff. Knaff and Nix on numerous occasions, prior to their eventual arrest, sold stolen property to the undercover officers. Knaff pled no contest to two counts of theft by receiving stolen property and was placed on probation for 2 years.

The rule of this court is that sentences within statutory limits will not be disturbed on appeal absent an abuse of discretion on the part of the sentencing judge. *State v. Beach, ante* p. 213, 337 N.W.2d 772 (1983). Nix concedes that the sentence he was given is within statutory limits, but argues that an abuse of discretion took place when he was not placed on probation as was his partner.

In *State v. Shonkwiler,* 187 Neb. 747, 751, 194 N.W.2d 172, 174 (1972), we stated: "At least as early as 1905, this court expressed its view that where two or more defendants are convicted for the same offense and different penalties are inflicted, and it appears from the evidence that the defendant receiving the least punishment is at least equally guilty, it may be necessary for this court to examine the evidence to determine whether there were justifiable reasons for the distinctions and whether the higher sentence should be reduced." See, also, *State v. Kruse, ante* p. 408, 338 N.W.2d 781 (1983); *State v. Komor,* 213 Neb. 376, 329 N.W.2d 120 (1983); *State v. Javins,* 199 Neb. 38, 255 N.W.2d 872 (1977);

*State v. Burkhardt*, 194 Neb. 265, 231 N.W.2d 354 (1975).

Here, it is clear from the factual recitation in the District Court upon Nix's no contest pleas that Knaff and Nix were equally involved in these crimes. The fact that Knaff was allowed to plead to two charges and Nix to three is of no importance. Both were originally charged by information with at least twice as many crimes as they eventually pled to.

A review of the reports of the presentence investigation indicates that both of these men have lengthy juvenile and adult records but no prior felony convictions. The only significant difference in their past records indicates that Nix is somewhat less docile in his confrontations with police officers and has been convicted twice for assaults on police officers. Knaff has been convicted once for hindering arrest. Both still live with a parent, and Nix contributes to the support of his mother from wages he earns from employment he has held since November of 1982. Knaff, at the time of being placed on probation, was unemployed.

Under the circumstances of this case we conclude that the disparity of sentences accorded these two men for the involvement in identical offenses is impermissible and embodies an abuse of discretion.

Accordingly, the sentence imposed by the Nebraska Third Judicial District Court, Lancaster County, upon the defendant is modified to one of probation for a period of 2 years under the same conditions as those imposed upon the coperpetrator Knaff.

AFFIRMED AS MODIFIED.