STATE OF NEBRASKA, APPELLEE, V. LAMNGEVNE SIANOUTHAI, APPELLANT.

402 N.W.2d 316

Filed March 20, 1987.   No. 86-767.

William L. Binkard and, on brief, John C. Kinney of Ryan & Scoville, for appellant.

Robert M. Spire, Attorney General, and Jill Gradwohl, for appellee.

Krivosha, C.J., Boslaugh, White, Hastings, Caporale, Shanahan, and Grant, JJ.

Caporale, J.

Defendant, Lamngevne Sianouthai, was charged with assault in the second degree upon Randy Boden, in violation of Neb. Rev. Stat. § 28-309(1)(a) (Reissue 1985). Upon pleading guilty, he was so adjudged and sentenced to imprisonment for a term of 15 to 45 months. Defendant assigns as errors the district court's (1) adjudication of guilt and (2) imposition of a sentence which defendant claims to be excessive. We affirm.

The presentence investigation shows that on May 26, 1986, defendant drove in an erratic manner and nearly caused a collision with a vehicle in which Larry Mahr and Randy Boden were traveling. Mahr avoided the collision by driving onto the shoulder of the highway, and "made a gesture" at defendant. Although Mahr then sped away from the scene, defendant caught up to the Mahr vehicle, made his own responsive gesture, and too sped away.

Mahr later stopped for a traffic light; defendant thereupon pulled his vehicle onto the median separating the lanes of traffic. Defendant then got out of his vehicle and approached the Mahr vehicle. This caused Mahr to open the door of his vehicle and place his foot on the ground as if to get out. As a consequence, defendant retreated to his vehicle, whereupon Mahr pulled his leg back into his vehicle and shut the door.

The traffic light turned green, and after Mahr had driven forward approximately 3 or 4 feet, defendant picked up a chunk of concrete curbing and shattered the rear driver's side window of Mahr's vehicle. Both Mahr and Boden then alighted from the vehicle, whereupon defendant threw more chunks of curbing, which had a 7- to 8-inch diameter, and struck both Mahr and Boden.

While Mahr and Boden were attempting to stop the defendant, two other men joined in to help defendant. One of these men, who was not known to defendant, had a handgun which he pointed directly at Mahr and Boden. Fortunately, the

police arrived shortly thereafter and averted any further violence.

Pursuant to a plea bargain whereunder defendant agreed to pay $377.99 in restitution for the damage to Mahr's vehicle and the State agreed to dismiss a criminal mischief charge and another second degree assault charge, defendant pled guilty to the subject charge.

One commits a second degree assault if he or she "[i]ntentionally or knowingly causes bodily injury to another person with a dangerous instrument." § 28-309(1)(a).

Defendant's argument in connection with the first assignment of error, that the trial court erred in adjudging him guilty, is based on the rule that in order to support a finding that a plea of guilty has been entered freely, intelligently, voluntarily, and understandingly, the record must establish, among other things, that there exists a factual basis for the plea. *State v. Wiley, ante* p. 55, 402 N.W.2d 311 (1987); *State v. Irish,* 223 Neb. 814, 394 N.W.2d 879 (1986). Defendant claims that the factual basis is deficient in that there was no showing Boden suffered any bodily injury. While defendant correctly states the applicable rule, he misreads the record. In stating the factual bases for the plea, the prosecutor said, "Mr. Boden tried to avoid the rock, and [it] did hit him in the lower back *causing him injury . . . .*" (Emphasis supplied.) Defendant did not contradict the assertion that Boden did in fact sustain injury. There is therefore no merit to the first assignment of error.

In connection with the second assignment, the claim that the sentence is excessive, defendant argues that the sentence imposed is disproportionate to the crime and to sentences imposed in similar cases.

The offense charged is a Class IV felony and, as such, carries a maximum penalty of imprisonment for 5 years, or a $10,000 fine, or both such fine and imprisonment. No minimum penalty is required. Neb. Rev. Stat. § 28-105 (Reissue 1985).

As to the first portion of his argument, defendant relies upon *Solem v. Helm,* 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983), which reiterated the principle that a criminal sentence must be proportionate to the crime for which a defendant has been convicted. *Solem* ruled that a sentence of life

imprisonment without the possibility of parole, imposed under a recidivist statute, for uttering a $100 no-account check was grossly disproportionate to the crime and, thus, cruel and unusual, notwithstanding the fact that the defendant therein had six previous felony convictions.

The situation presented by this case, however, is not at all like that presented in *Solem*. The crime in *Solem* was a relatively minor economic one; the crime in the present case was one against the person of another with a dangerous weapon, such being any object which, because of its nature and the manner and intention of its use, is capable of inflicting bodily injury. *State v. Hatwan*, 208 Neb. 450, 303 N.W.2d 779 (1981). The period of imprisonment in *Solem* was for life, without the possibility of parole; the maximum period of imprisonment imposed in this case is less than that authorized by statute. Moreover, as a practical matter, it is the minimum portion of an indeterminate sentence which measures its severity. *State v. King*, 196 Neb. 821, 246 N.W.2d 477 (1976). The sentence imposed is not so disproportionate to the crime that it can be characterized as cruel and unusual.

Defendant next argues, however, that the sentence is nonetheless excessive as being disproportionate to other sentences imposed for similar offenses. While defendant does not suggest what he thinks an appropriate sentence would be, he refers us to *State v. Gregory*, 220 Neb. 778, 371 N.W.2d 754 (1985), which held that imprisonment for a period of 1 year on each of two convictions, one for first degree assault and the other for using a firearm to commit a felony, did not constitute abuses of discretion. Defendant's argument appears to be that if 1 year is adequate punishment for the more serious offense of first degree assault, 15 to 45 months is too much for second degree assault.

He again in part relies upon *Solem*, which states that in making a "cruel and unusual" analysis under the eighth amendment, it may be useful to compare the sentence under consideration with sentences imposed on other criminals in the same jurisdiction, as well as with those imposed in other jurisdictions. *Solem* also recognizes, however, that reviewing courts should grant substantial deference to the broad

authority legislatures necessarily possess in determining the types and limits of punishments, as well as to the discretion that trial courts possess in sentencing convicted criminals. Once it is determined that the sentence prescribed by statute is constitutional and that the sentence imposed is within statutory limits, it will not be disturbed on appeal absent an abuse of discretion. *State v. Suffredini*, 224 Neb. 220, 397 N.W.2d 51 (1986). Thus, the question is whether the defendant in this case received an appropriate sentence, not whether someone else in a different case received a lesser sentence. See, *State v. Whitmore*, 221 Neb. 450, 378 N.W.2d 150 (1985); *State v. Morrow*, 220 Neb. 247, 369 N.W.2d 89 (1985).

Defendant points out that in his 5 years of residence in this country, he has acquired no prior criminal history, although he has had some traffic offenses. While some reasonable minds might well conclude that imprisonment for one who has no prior history of violent criminal conduct is not warranted under the circumstances presented in this case, other such minds might equally well conclude that the sentence imposed for one who escalated an exchange of gestures into an event wherein he hurled hunks of concrete at others demonstrates such a lack of control as to warrant firm treatment. Under the circumstances, we cannot say the punishment imposed constitutes an abuse of discretion. There is, therefore, no merit to the second assignment of error.

AFFIRMED.