STATE OF NEBRASKA, APPELLEE, V. GERALD S. HIGH, APPELLANT.

407 N.W.2d 776

Filed June 19, 1987. No. 86-773.

Calvin D. Hansen, for appellant.

Robert M. Spire, Attorney General, and Marie C. Pawol, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

Gerald S. High appeals his conviction in the district court for Lancaster County, Nebraska, of generating child pornography

in violation of Neb. Rev. Stat. § 28-1463 (Reissue 1979).

The defendant was first arraigned on January 23, 1986, and on March 27 again appeared in court, and waived his right to a jury trial. He was represented by counsel in both instances. Later, on June 11, 1986, in the company of counsel, he appeared in court and entered a plea of guilty to the offense originally charged. The proceedings were conducted in full conformity with the requirements of due process as articulated by this court in *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986); i.e., all of defendant's constitutional rights relating to a plea of guilty, including the right to a jury trial, were related to him, and the record discloses that he voluntarily and knowingly waived those rights. The court was informed of the factual basis for the plea, that being that defendant videotaped a certain 14-year-old boy performing acts of masturbation, fellatio, and simulated anal intercourse with other youths, production of this videotape having taken place at an apartment in Lincoln, Nebraska. The court accepted defendant's plea of guilty. A presentence investigation was conducted, and on September 5, 1986, sentencing was had. The court first found that defendant was not a mentally disordered sex offender, and then sentenced defendant to a term of imprisonment to the Department of Correctional Services of not less than 30 months nor more than 8 years. Defendant appeals.

The defendant contends the trial court erred in determining that he had knowingly, voluntarily, and intelligently waived his right to trial by jury, when he was not informed of the role the jury would play in determining whether the videotape was obscene. The defendant next believes that because he was not informed of this special role the jury would play in his prosecution, he did not knowingly, intelligently, and voluntarily enter his plea of guilty. Finally, defendant claims his sentence was excessive and disparate when compared to that of Joseph Burke, who was convicted of violating a later version of the same statute, Neb. Rev. Stat. § 28-1463.03(1) (Reissue 1985), a part of the Child Pornography Prevention Act. We affirm.

The statute under which defendant was charged reads as follows: "It shall be unlawful for a person to make, publish,

present, direct, create, provide, or in any manner generate any obscene material which has as one of its participants or portrayed observers a child under the age of sixteen or who appears as prepubescent." § 28-1463(1). Neb. Rev. Stat. § 28-814 (Reissue 1985) provides in part:

(1) Criminal prosecutions involving the ultimate issue of obscenity . . . shall be tried by jury, unless the defendant shall waive a jury trial in writing or by statement in open court entered in the minutes.

(2) The judge shall instruct the jury that the guidelines in determining whether a work, material, conduct, or live exhibition is obscene are: (a) The average person applying contemporary community standards would find the work taken as a whole goes substantially beyond contemporary limits of candor in description or presentation of such matters and predominantly appeals to the prurient, shameful, or morbid interest; (b) the work depicts in a patently offensive way sexual conduct specifically referred to in sections 28-807 to 28-829; (c) the work as a whole lacks serious literary, artistic, political, or scientific value; and (d) in applying these guidelines to the determination of whether or not the work, material, conduct or live exhibition is obscene, each element of each guideline must be established beyond a reasonable doubt.

The defendant recognizes that the following colloquy took place regarding the waiver of his right to trial by jury:

MS. THORSON: Your Honor, this is State of Nebraska versus Gerald High, Docket 69, Page 189, and State of Nebraska versus Gerald High, Docket 69, Page 193. I believe the defendant is here at this time to waive his right to a jury trial.

MR. POPPE: That's correct, Your Honor. For the record, I have discussed various aspects about the waiver of a jury trial with Mr. High and he is prepared to waive his right to have a jury trial in both of these cases.

THE COURT: Okay. Mr. High, have you discussed this matter with Mr. Poppe?

THE DEFENDNAT [sic]: Yes, sir.

THE COURT: Okay. And do you understand that you

do have the right, a constitutional and statutory right to have a trial by a jury? Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And do you understand that that is a very valuable right?

THE DEFENDANT: Yes, sir.

THE COURT: And do you wish to waive or give up your right in both these cases to have a jury trial?

THE DEFENDANT: Yes, sir.

THE COURT: Has anyone made any promises to you or threats against you to get you to —

THE DEFENDANT: No.

THE COURT: — to come in here today and give up this right?

THE DEFENDANT: No, sir.

THE COURT: Mr. Poppe, do you feel Mr. High is acting knowledgeably, voluntarily, intelligently and freely in regard to his waiver of his right to a jury trial?

MR. POPPE: Yes, I do, Your Honor.

THE COURT: The court does find that Mr. High is acting knowledgeably and voluntarily, freely. The jury trial will be waived.

It has long been the rule that the right to trial by jury is personal, and a defendant may waive that right. *State v. Carpenter*, 181 Neb. 639, 150 N.W.2d 129 (1967). See, also, *State v. Miles*, 202 Neb. 126, 274 N.W.2d 153 (1979).

Defendant concedes that in an ordinary criminal case the colloquy between the court and the defendant set out above was probably sufficient to constitute a waiver of the right to a jury trial. We agree.

The defendant contends, however, that such a colloquy is not sufficient to support a knowing, intelligent, and voluntary waiver of a defendant's right to jury trial when the prosecution involves a determination of what is or what is not obscene. He insists that the defendant must first be told of the function of the jury. This is because § 28-1463, in effect at the time, refers to the generation of "obscene material" and § 28-814 provides that "[c]riminal prosecutions involving the ultimate issue of obscenity . . . shall be tried by jury, unless the defendant shall

waive a jury trial in writing or by statement in open court entered in the minutes."

Counsel for the defendant cites no authority other than the statute quoted to support the position of why the function of the jury should be explained in detail in this case as opposed to any criminal case in which the jury has a specific function, i.e., the factual determination of guilt or innocence. We see no justifiable reason for applying a different rule to this case, and therefore decline defendant's invitation to require trial courts to inform defendants of precisely the role the jury will play in their obscenity prosecution. The defendant's waiver of his right to trial by jury was knowingly, intelligently, and voluntarily made.

The defendant's second assignment of error depended solely upon our decision regarding his first assignment of error. Because we have determined that defendant's waiver of his right to trial by jury was knowing, intelligent, and voluntary, and because all of the requirements of *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986), were met, we find that defendant also knowingly, intelligently, and voluntarily entered his plea of guilty.

Finally, defendant asks this court to find that his sentence is excessive and disparate when compared to that of an equally culpable, similarly situated codefendant. We first note that defendant received a sentence of not less than 30 months nor more than 8 years, which is within the range of penalties set by the Legislature for violation of the statute with which defendant was charged. We have repeatedly held that a sentence imposed within the limits prescribed by the statute in question will not be disturbed on appeal in the absence of an abuse of discretion. *State v. Sianouthai, ante* p. 62, 402 N.W.2d 316 (1987). Thus, the sentence imposed by the district court can be set aside only if the court abused its discretion.

The defendant urges us to compare the sentence imposed on Joseph Burke in *State v. Burke, ante* p. 625, 408 N.W.2d 239 (1987), with that which defendant himself received. The defendant then asks us to apply the rule regarding reduction of sentences announced in *State v. Nix,* 215 Neb. 410, 338 N.W.2d 782 (1983). In that case we stated:

Where two or more defendants are convicted for the

same offense and different penalties are inflicted, and it appears from the evidence that the defendant receiving the least punishment is at least equally guilty, it may be necessary for this court to examine the evidence to determine whether there were justifiable reasons for the distinctions and whether the higher sentence should be reduced.

(Syllabus of the court.)

*Nix*, however, has no application in this case because the defendant and Burke were not convicted of the same offense, nor were they coperpetrators. The defendant was convicted of violating § 28-1463 because he filmed an obscene videotape, while Burke was convicted of violating § 28-1463.03(1) for publishing a different videotape.

Because the two men were not coperpetrators, the appropriate inquiry is that found in *State v. Sianouthai, supra*, and not that found in *Nix*. As we stated in *Sianouthai*, "the question is whether the defendant in this case received an appropriate sentence, not whether someone else in a different case received a lesser sentence." *Ante* p. 66, 402 N.W.2d at 319. Considering the gravity of the offense and defendant's prior record, the court did not abuse its discretion in sentencing defendant as it did. Its judgment is affirmed.

AFFIRMED.