STATE OF NEBRASKA, APPELLEE, V. GERALD S. HIGH, APPELLANT.

407 N.W.2d 772

Filed June 19, 1987.   No. 86-772.

Calvin D. Hansen, for appellant.

Robert M. Spire, Attorney General, and Janie C. Castaneda, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

The defendant appeals his conviction in the district court for Lancaster County following a plea of guilty to attempted second degree sexual assault.

On appeal, defendant asserts that the court erred in not informing him of his right to have a copy of the amended information as amended by interlineation served on him at least 24 hours prior to being arraigned and entering a plea on that information. The defendant next asserts that, because he was not informed of that right, the court erred in finding that his guilty plea was voluntarily, knowingly, and intelligently made. Finally, defendant believes the court improperly sentenced him.

The facts necessary to understand defendant's first two assignments of error follow. On January 23, 1986, defendant was arraigned on a charge of first degree sexual assault on a child, and he pled not guilty. On June 11, 1986, the matter came before the court for the entry of a plea. Leave was granted to file an amended information, after which the following occurred:

THE COURT: . . . .

Mr. High, do you understand that you have a right to have a copy of the Amended Information served on you at least 24 hours prior to being arraigned on that charge and entering a plea to the charge?

THE DEFENDANT: Yes, sir.

THE COURT: Do you wish to wait 24 hours or do you wish to waive that 24-hour waiting period and be arraigned at this time?

THE DEFENDANT: Be arraigned now.

THE COURT: Have you discussed that matter with Mr. Poppe?

THE DEFENDANT: Yes, I have.

THE COURT: Has anyone made any promises to you or threats against you to get you to waive the 24-hour waiting period?

THE DEFENDANT: No, sir.

THE COURT: Mr. Poppe, do you feel Mr. High is acting knowledgeably and voluntarily in regard to this matter?

MR. POPPE: Yes, I do.

The defendant was then rearraigned on the amended information, which was read to defendant by the deputy county attorney, Mr. Sharp. After reading the amended information to defendant, Sharp stated: "What you've been charged with in the Amended Information is attempted second degree sexual assault. That is a Class IV felony rather than the original Class II felony." Defendant, who was represented by counsel, then pled guilty to that charge.

The court next informed defendant concerning the right to trial by jury, the right to confront the witnesses against him, and the privilege against self-incrimination, and explained that if the court accepted defendant's plea of guilty, defendant would be waiving those rights. The court then asked if defendant waived those rights freely and voluntarily, to which defendant responded affirmatively. The court next informed defendant that the sentence for attempted second degree sexual assault was up to 5 years in prison, or a $10,000 fine, or both. Finally, the court read aloud the charge against defendant as follows:

The matter involving the attempted sexual assault in Docket 69, Page 189, charges that between December 1 and December 31, 1984, in Lancaster County, Nebraska, you did attempt to subject another person to sexual contact and overcame such person by force, threat of

force, expressed or implied, coercion or deception or knew or should have known that such person was physically or mentally incapable of resisting or appraising the nature of his conduct.

At that point the deputy county attorney asked to approach the bench. After an off-the-record discussion was held, the following colloquy occurred:

THE COURT: You're requesting that you be allowed to amend the Amended Information by interlineation?

MR. POPPE [defense counsel]: What are you going to interlineate now?

(A short discussion was held between counsel.)

MR. SHARP: I ask leave to amend the petition — or the Information by interlineation.

MR. POPPE: No objection.

THE COURT: Leave is given to amend the Amended Information by interlineation.

Any objection to rearraigning Mr. High on the Amended Information as amended?

MR. POPPE: No.

THE COURT: Okay.

Sharp then read the same charge the court had read previously, but added at the end "said sexual assault causing serious personal injury to the victim," that phrase being a necessary element of attempted second degree sexual assault as found in Neb. Rev. Stat. §§ 28-320 and 28-201 (Reissue 1985). Sharp also informed the defendant that the amended information as amended alleged a Class IV felony punishable by up to 5 years' imprisonment and/or a $10,000 fine.

The following then occurred:

THE COURT: Okay. Mr. High, any questions you have in regard to the Information as amended by interlineation?

THE DEFENDANT: No, sir.

THE COURT: And, again, how do you plead to that charge?

THE DEFENDANT: Guilty.

THE COURT: Do you understand again that you are waiving all of the rights that we went through before?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that by entering this plea of guilty that you are waiving your rights to a presumption of innocence to force the state to prove you guilty beyond a reasonable doubt, waiving your right to a jury trial or trial by a judge, waiving your right to confront your accusers, waiving your right to call and subpoena witnesses to appear for you, waiving your right to remain silent and waiving any right to object to any search and seizure or any statements or confessions that you may have made? Do you understand that you are waiving —

THE DEFENDANT: Yes.

THE COURT: — all of those rights?

THE DEFENDANT: Yes.

THE COURT: And without me going through them in the detail I went through before, do you have any questions in regard to those?

THE DEFENDANT: No, sir.

THE COURT: And do you waive those rights freely and voluntarily?

THE DEFENDANT: Yes.

The court then was informed by Sharp that defendant had sometime during December of 1984 engaged in fellatio and anal intercourse with a boy who was 15 years old, that activity having taken place in Lancaster County, Nebraska. The victim had experienced emotional distress necessitating mental health counseling. The court again asked defendant if he was freely, voluntarily, and knowingly entering his plea of guilty and waiving his rights, to which defendant responded, "Yes, sir." The court then accepted defendant's plea of guilty and found defendant guilty of the charge. On September 5, 1986, defendant was sentenced to the Department of Correctional Services for a period of imprisonment of not less than 1 nor more than 2 years.

The defendant first argues that he was not properly arraigned because he was not informed of his right to have a copy of the amended information as amended by interlineation served on him at least 24 hours prior to being arraigned on that charge, as required by Neb. Rev. Stat. § 29-1802 (Reissue

1985). We do not agree.

The purpose of this 24-hour waiting period is to ensure that the defendant has a reasonable amount of time to prepare his defense. *Shepperd v. State*, 168 Neb. 464, 96 N.W.2d 261 (1959). This right may be waived. *Kopp v. State*, 124 Neb. 363, 246 N.W. 718 (1933). Furthermore, we have held that the failure of the record to show that the defendant made any objection to proceed with the trial on the charge raises the presumption that he or she waived that right. *Kopp v. State, supra; Barker v. State*, 54 Neb. 53, 74 N.W. 427 (1898).

The record affirmatively shows that defendant initiated the amended information and change of plea proceedings and therefore required no additional time to prepare his defense. He knew he intended to plead guilty to attempted second degree sexual assault. Additionally, he did not object to proceeding with the taking of his guilty plea after the information was amended by interlineation. We believe that his failure to object raised the presumption that he waived his right to have a copy of the amended information as amended by interlineation 24 hours before he was arraigned. Additionally, it is obvious from the record that all of the parties, including defendant himself, understood from the outset of the taking of the guilty plea that defendant would be pleading guilty to attempted second degree sexual assault and that the leaving out of an essential phrase in the amended information was merely a mistake. Finally, before the court would accept defendant's plea of guilty to the amended information as amended by interlineation, it did ask if defendant was waiving "all of the rights that we went through before," to which defendant responded, "Yes, sir." All of this, together with the presumption of waiver, sufficiently establishes that defendant waived his right to have a copy of the amended information as amended by interlineation 24 hours before he was arraigned on that information.

The defendant next asserts that because he was not informed of his right to have a copy of the amended information as amended by interlineation served on him 24 hours prior to being arraigned on that information, his guilty plea was not voluntarily, knowingly, and intelligently made. Because we have determined that he had waived that right, and because the

requirements of *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986), regarding the validity of a guilty plea have been met in this case, we hold that defendant's plea of guilty was voluntarily, knowingly, and intelligently made.

Finally, defendant asserts that his sentence is excessive and disparate when compared to that of an equally culpable, similarly situated codefendant. For the same reasons that we declined to compare High's sentence in *State v. High, ante* p. 690, 407 N.W.2d 776 (1987), with that of Joseph Burke, we also decline to compare High's sentence in this case with that of Melvin Armstrong. They were not coperpetrators. Although both men committed sexual assaults on the same victim, the assaults were committed at different times. Thus, the question for this court is whether the defendant in this case received an appropriate sentence, not whether someone else in a different case received a lesser sentence. *State v. High, supra.* We have examined the records submitted to us as to each of these men and, without going into the details, are able to state that in comparing their backgrounds and activities the sentence imposed in this case was not a disparate sentence.

The defendant was sentenced to 1 to 2 years to the Nebraska Department of Correctional Services. This sentence is within the statutory limits. Thus, we must apply the axiom that a sentence within statutory limits will not be disturbed on appeal absent an abuse of discretion on the part of the sentencing judge. *State v. High, supra.* The court concluded in this case that to place High on probation would certainly depreciate the seriousness of the offense and promote disrespect for the law. The court did not abuse its discretion in so finding, and its judgment is affirmed.

AFFIRMED.